Ted Lawrence **ROBERTSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–95–00886–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1996.

Scott Eliott Kerman, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## MAJORITY OPINION

EDELMAN, Justice.

Ted Robertson appeals the revocation of his probation on the ground that the waiver of his right to counsel was not knowingly made because the trial court did not admonish him on the dangers and disadvantages of self-representation. We affirm.

In 1994, while represented by counsel; appellant pled guilty to a charge of felony theft and the trial court fined him and sentenced him to four years confinement but probated the confinement for four years. The terms of his probation required, among other things, that appellant report to his probation officer and pay supervisory fees and a portion of his fine each month.

The State thereafter filed a motion to revoke probation on the grounds that appellant failed to report to his probation officer for three months and failed to pay his supervision fees and fine. The trial court appointed attorney Mark Fernandez to represent appellant at the revocation hearing.

At the beginning of the revocation hearing on July 26, 1995, Fernandez stated:

> Your Honor the Defense is ready. My client said he wanted to sign this [1] in the courtroom in front of you. He still presents his desire to represent himself but I told him that I'm certainly not going to do or say [sic] or prejudice his case and basically he'll be able to tell the Court anything he wants to concerning any reason for his violations. That's all that's concerned with this hearing. His none [sic] reporting and failure to pay. The new law violation [2] is not a part of this hearing. I've told my client, so both this time and the last time I've explained this to his wife and I talked to his son here in the courtroom and his whole family knows what's going on and know I'm not doing anything to hurt him or prejudice his case.

When the trial court asked appellant what he had to say, he responded:

> Well earlier during my sixty days here in jail I had filed a motion to dismiss Mr. Fernandez as my court appointed counsel because he hadn't done anything to help me in my defense at all. As a matter of fact he's never come to the jail to visit me so that we can plan a defense for this motion to revoke probation or the other case that's pending and according to my statutory rights that's one of the things that's guaranteed me by right to counsel. That's only one of the reasons that I filed a motion to dismiss him.
>
> Okay. It's my privilege to represent myself if I feel distrust or lack of confidence in court appointed counsel and that's the decision that I made [sic] at this time

1. Although the record does not state what appellant wanted to sign, the context suggests that it was his motion to dismiss counsel.

2. The record is not clear as to what this "new law violation" may have been.

that I will represent myself. I do not wish to be represented by Mr. Fernandez. I do not wish to have him on record as representing me.

The court then stated:

Well of course the thing of it is I would listen to your motion more seriously if this was [sic] a case involving a violation of the law where you felt like you could better represent yourself on a factual basis. We're here on a motion to revoke probation and motion [sic] only alleges violations that if there was [sic] a violation it's going to be shown by the records of the probation department. You could sit there silently, your lawyer can sit there silently. It wouldn't matter just—....

I don't have any serious objection. I am not going to dismiss Mr. Fernandez. I'm going to have him sitting there to make a legal objection if he recognizes one. Now you [sic] don't want him to ask any questions that's fine with me [sic] I'll let you ask the questions but I'm not going to dismiss him and it will be shown on the record that you had counsel here whether you want to utilize his services that's your business not mine okay.

You understand where I'm coming from?

Appellant answered:

I understand what you're saying Your Honor but I'd also like to have the record show that I also requested you to dismiss Mr. Fernandez and you refused.... And also I filed a motion for new counsel and the Court's refused me new counsel also.

The trial court shortly thereafter stated:

Now you [sic] going to proceed with the motion to revoke probation now, if you don't want Mr. Fernandez to ask any questions that's fine [sic] you just tell him no I'll ask the questions and I'll permit you to ask any reasonable questions but I may

say if the question is not proper I'll so rule okay.

Throughout the remainder of the hearing, appellant made his own objections, cross-examined the State's sole witness, testified on his own behalf, responded to the State's objections and presented his own closing argument. Although Fernandez was present throughout the proceeding, he did not participate in it. At the conclusion of the hearing, the judge revoked appellant's probation and sentenced him to four years confinement.

■ In a single point of error, appellant claims that the waiver of his right to counsel was not made knowingly because the trial court failed to admonish him on the dangers and disadvantages of self-representation before allowing him to proceed *pro se* at the probation revocation hearing.

In all criminal prosecutions, the accused has a right of assistance of counsel for his defense. U.S. Const. amend. VI; *see also* Tex.Code Crim.Proc.Ann. art. 1.051 (Vernon Supp.1996). An accused also has the right of being heard by himself or counsel or both. Tex. Const. art. I, § 10; Tex.Code Crim. Proc.Ann. art. 1.05 (Vernon 1977).[3]

When a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas. *Faretta v. California,* 422 U.S. 806, 820, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975). When represented by counsel in this manner, the accused may retain the ultimate authority to make only such fundamental decisions as whether to plead guilty, waive a jury, testify, or take an appeal. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983).

A defendant in a criminal proceeding also has a Sixth Amendment right to prosecute his own legal defense, *i.e.,* rather than being represented by counsel. *See Faretta v. California,* 422 U.S. at 819, 95 S.Ct. at 2533 (1975).[4] As contrasted from a defendant who

---

3. Because revocation of probation is a criminal prosecution for purposes of this right to be heard, a defendant on probation is entitled to the assistance of retained or appointed counsel at a revocation hearing unless he has affirmatively waived that right. *Parker v. State,* 545 S.W.2d

151, 155 (Tex.Crim.App.1977); Tex.Code Crim. Proc.Ann. art. 42.12 § 21(d) (Vernon Supp.1996).

4. Although not stated in the Sixth Amendment in so many words, the right to self-representation, *i.e.,* to make one's own defense personally, is necessarily implied by the structure of the

is represented by counsel, the *pro se* defendant must be allowed to control the organization and content of his own defense, make motions, argue points of law, participate in *voir dire*, question witnesses, and address the court and jury at appropriate times in the trial. *See McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984).

Somewhere between representation by counsel and self-representation is "hybrid representation" which has been described as "partially pro se and partially by counsel." *See Landers v. State*, 550 S.W.2d 272, 280 (Tex.Crim.App.1977).[5] Another such variation is "standby counsel" whereby, in response to a defendant's request for self-representation, the trial court instead allows the defendant's attorney to remain as counsel and be available to advise the defendant and participate in the case, or not, as requested by the defendant. *See Faretta*, 422 U.S. at 834, 95 S.Ct. at 2541 n. 46; *Maddox v. State*, 613 S.W.2d 275, 286 (Tex.Crim.App.1980). In such a case, if the defendant thereafter invokes the participation of standby counsel, the representation becomes hybrid. *See Maddox*, 613 S.W.2d at 286.

In this case, the question is whether the requirement to admonish a defendant of the dangers of self-representation arises where standby counsel is retained but does not participate in trial. Unquestionably, it is *preferable* to admonish a defendant where standby counsel is retained; the issue here is whether admonishment is constitutionally required in that event. We have neither been cited nor have we found any authority directly on point.

In approaching this issue, it is useful to bear in mind the distinction between traditional *representation* by counsel, in which a defendant's lawyer makes most of the tactical decisions in the case, and *assistance* of counsel, such as with hybrid representation or standby counsel, in which the defendant makes many of the tactical decisions in the case but counsel remains available to him. *Faretta* indicates that self-representation occurs even where standby counsel is present: "Of course, a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." 422 U.S. at 835, 95 S.Ct. at 2541 n. 46. *Faretta* can also be read to require an admonishment whenever a defendant *manages* his own defense, *i.e.*, whether or not counsel is present or participates:

When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.

422 U.S. at 835, 95 S.Ct. at 2541.[6]

In *Maddox*, the trial court denied the appellant's motion to discharge his attorneys

---

Amendment. *Faretta*, 422 U.S. at 819–20, 95 S.Ct. at 2533.

5. Although the Texas Constitution provides an accused in a criminal case "the right of being heard by himself or counsel or both," there is no constitutional right to hybrid representation. *Landers*, 550 S.W.2d at 275, 280.

6. Thus, the important determination is not whether the defendant is competent to represent himself, but whether he is competent to make the choice to do so. *Dunn. v. State*, 819 S.W.2d 510, 523 (Tex.Crim.App.1991). It is at the point that an accused unequivocally asserts his right to self-

representation that the trial court should admonish him of the dangers and disadvantages of self-representation. *Hathorn v. State*, 848 S.W.2d 101, 123 (Tex.Crim.App.1992), *cert. denied*, 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993). Although article 1.051(g) of the Code of Criminal Procedure requires a *written* admonishment and prescribes the form to be used, the Court of Criminal Appeals has held that the admonishment need not be in writing provided that the record is sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of self-representation. *See Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim.App.1992).

and allowed the attorneys to remain as standby counsel. 613 S.W.2d at 286. The attorneys gave appellant advice when he requested it, responded to objections made by the State during appellant's direct examination of defense witnesses, and interposed objections to the court's charge and the State's closing arguments. *Id.* In its original opinion, the Court of Criminal Appeals reversed the conviction for the trial court's failure to admonish the appellant of the dangers of representing himself. *Id.* However, in deciding on rehearing to instead affirm, the Court stated that the case did not present a situation like those in *Geeslin,*[7] *Jordan,*[8] and *Webb*[9] "in which the defendants acted alone in their self-representation." *Id.* Rather, it presented facts more like those in *Phillips*[10] in which the defendant was allowed to engage in hybrid representation, and defense counsel continued to actively participate in the trial. *Id. Maddox* then quoted the following portion of *Phillips:*

> These admonishments are to be given a pro se defendant to insure that he is informed of the dangers involved when he waives counsel. Although appellant partially represented himself in this case [Phillips], he was also fully represented by counsel.[11] Thus, no question of waiver of counsel is involved. Absent such an issue arising, we cannot conclude that the trial court [erred] in failing to admonish appellant as to the dangers, if any, of this form of hybrid representation.

*Id. Maddox* then found the same principle to be applicable to its case. *Id.; see also Clark v. State,* 717 S.W.2d 910, 918 (Tex.Crim.App. 1986) (en banc) (reiterating that no admonishment is required for hybrid representation), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987).

On the one hand, *Maddox* seems to rely on the actual participation of standby counsel in the trial, and the hybrid representation resulting therefrom, to conclude that no admonishment was required. It is arguable from this that where, despite the presence of standby counsel, a defendant acts alone in his defense, his previously asserted right to self-representation is not waived or withdrawn by the availability of standby counsel, and a trial court's failure to have admonished him on self-representation is error.

However, upon a closer reading, *Maddox* distinguishes *Geeslin, Jordan* and *Webb,* in which the defendant had no standby counsel, on the basis that the defendants in those cases "*acted alone* in their self-representation." *Id.* (emphasis added). Similarly, the quoted portion of *Phillips* indicates that admonishment is only required where counsel is "waived," and that such waiver does not occur in hybrid representation. Therefore, *Maddox* and *Phillips* can also be read to say that waiver of counsel and the need to admonish arise only where a defendant waives counsel in the sense of having *none available, i.e.,* neither hybrid representation nor standby counsel.

■ To the extent that *Faretta* requires admonishment whenever *representation* by counsel is waived, and that *Maddox* and *Phillips* require admonishment only where *assistance* of counsel is waived, it is not clear how their respective holdings can be reconciled. However, in that *Maddox, Phillips,* and *Clark* clearly state that admonishment is not required for hybrid representation, we see no basis to treat standby counsel differently therefrom for purposes of admonishment because both involve the defendant assuming control over important tactical considerations and deciding the extent to which the assistance of counsel will actually be invoked. Thus, the rationale for requiring or not requiring admonishment applies equally to both.[12]

---

7. *Geeslin v. State,* 600 S.W.2d 309 (Tex.Crim. App.1980).

8. *Jordan v. State,* 571 S.W.2d 883 (Tex.Crim.App. 1978).

9. *Webb v. State,* 533 S.W.2d 780 (Tex.Crim.App. 1976).

10. *Phillips v. State,* 604 S.W.2d 904 (Tex.Crim. App.1979).

11. Thus, according to *Phillips,* the right of self-representation and the right to counsel are not mutually exclusive but can both be exercised at the same time.

12. Moreover, if there is a need for admonishment, it arises at the time a defendant asserts his

Therefore, because admonishment is not required for hybrid representation, we conclude that it is not required for standby counsel. Thus, the trial court did not err in failing to admonish appellant in this case.

Accordingly, appellant's sole point of error is overruled and the judgment of the trial court is affirmed.

LEE, Justice, dissenting.

The majority opinion holds that a trial court need not admonish a defendant of the dangers of self-representation where standby counsel, who is appointed by the court and over the defendant's objection, does not participate in the trial. I respectfully dissent.

An individual accused of a crime has a right to assistance of counsel for his defense. U.S. CONST. amend. VI; see also TEX.CODE CRIM.PROC.ANN. art. 1.051 (Vernon Supp. 1996). An accused also has the right of being heard by himself or counsel or both. TEX. Const. art. I, § 10; TEX.CODE CRIM. PROC.ANN. art. 1.05 (Vernon 1977). Because revocation of probation is a criminal prosecution for purposes of this right to be heard, a defendant on probation is entitled to the assistance of retained or appointed counsel at a revocation hearing unless he has affirmatively waived that right. Parker v. State, 545 S.W.2d 151, 155 (Tex.Crim.App.1977); TEX.CODE CRIM.PROC.ANN. art. 42.12 § 21(d) (Vernon Supp.1996). A waiver of the right to counsel will not be lightly inferred and the courts will indulge every reasonable presumption against the validity of such a waiver. Geeslin v. State, 600 S.W.2d 309, 313 (1980) (citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

The Sixth Amendment also affords a defendant the right to prosecute his own legal defense, both through trial and appeal, without the aid of counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Hathorn v. State, 848 S.W.2d 101, 123 (Tex.Crim.App.1992), cert. denied, 509 U.S. 932, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993). The defendant's choice of self-representation need not be wise and may ultimately be to his own detriment. Hathorn, 848 S.W.2d at 123. However, if his choice is made knowingly and intelligently, the defendant must be allowed to proceed pro se. Id. Once an accused unequivocally asserts his right to self-representation, the trial court should admonish him of the dangers and disadvantages of self-representation. Hathorn, 848 S.W.2d at 123.[1]

In this case, the record reflects that appellant unequivocally asserted his right to self-representation. At the beginning of the revocation hearing appellant advised the trial court:

> It's my privilege to represent myself if I feel distrust or lack of confidence in court appointed counsel and that's the decision that I made [sic] at this time that I will represent myself. I do not wish to be represented by Mr. Fernandez. I do not wish to have him on record as representing me.[2]

The court refused to dismiss Mr. Fernandez and required him to remain in the courtroom, essentially as standby counsel.[3] In doing so, the trial court granted appellant's request to represent himself. Although appellant could have thereafter waived his right to self-representation by subsequently asking his attorney for advice or to participate in his

right to self-representation and not by hindsight at a later time based upon the extent of eventual participation by his counsel.

1. Although the Code of Criminal Procedure requires a *written* admonishment and prescribes the form to be used, the Court of Criminal Appeals has held that the admonishment need not be *in* writing provided that the record is sufficient for the reviewing court to make an assessment that the defendant was made aware of the dangers and disadvantages of self-representation.

See Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim.App.1992).

2. After his motion to dismiss was denied, appellant stated, "I'd also like to have the record show that I also requested you to dismiss Mr. Fernandez and you refused."

3. See Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975) (noting that a trial court may appoint standby counsel even over the defendant's objection).

defense, he did not do so. *See Maddox v. State*, 613 S.W.2d 275, 286 (Tex.Crim.App. 1980); *see also Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex.Crim.App.) (noting that a defendant waives his asserted right to self-representation when he invites or agrees to any substantial participation by standby counsel), *cert. denied*, 488 U.S. 863, 109 S.Ct. 164, 102 L.Ed.2d 134 (1988). Instead, appellant represented himself throughout the entire hearing without inviting or receiving any assistance by counsel.[4] Because appellant never withdrew the right he had been granted to represent himself, the trial court erred in failing to admonish appellant of the dangers of self-representation before being granted that right.

The majority holds that "because admonishment is not required for hybrid representation, we conclude that it is not required for standby counsel." However, the hybrid representation situation is different than the situation which arises when standby counsel is appointed. Hybrid representation has been described as "partially pro se and partially by counsel." *See Landers v. State*, 550 S.W.2d 272, 280 (Tex.Crim.App.1977).[5] With hybrid representation, the defendant *remains* represented by counsel and, thus, the trial court is not required to admonish him of the dangers and disadvantages of self-representation. *Clark v. State*, 717 S.W.2d 910, 918 (Tex.Crim.App.1986) (en banc).[6]

A situation whereby "standby counsel" is appointed arises when, in response to a defendant's request for self-representation, the trial court instead allows (or in the instant case, insists) the defendant's attorney to remain as counsel and be available to advise the defendant and participate in the case, or not, as requested by the defendant. *See Faretta*, 422 U.S. at 834, 95 S.Ct. at 2541 n. 46; *Maddox*, 613 S.W.2d at 286. In *Maddox*, the court stated that if a defendant meaningfully invokes the assistance of standby counsel during trial, the representation becomes hybrid, no waiver of counsel is involved, and a failure by the trial court to have admonished the defendant of the dangers of self-representation is therefore not error. *Id.*; *see also Culverhouse*, 755 S.W.2d at 861, *cert. denied*, 488 U.S. 863, 109 S.Ct. 164, 102 L.Ed.2d 134. Although neither party has cited another opinion reaching this issue, the clear inference from *Maddox* and *Culverhouse* is that where, despite the presence of standby counsel, a defendant acts alone in his defense, his self-representation is *not* waived or withdrawn by the presence of standby counsel, and a trial court's failure to have admonished him on self-representation is error.[7]

The State argues that even if he did proceed *pro se*, appellant nevertheless demonstrated that he knew of the dangers of self-representation by stating that he was entitled to self-representation and by asking that his objection be put on the record. On the contrary, however, knowing that he was entitled to self-representation and believing that he preferred it to representation by his appointed counsel did not signify that appellant knew of the dangers and disadvantages of

4. The only "participation" by defense counsel in appellant's trial was a statement he made after appellant attempted to cite case law. In what appears to be an unsolicited observation, Mr. Fernandez stated to the court:

In talking to my client today, I thought he had misinterpreted some of these cases wrongly because all he has is one sentence summaries. He's never read the cases. I went and pulled one that he refused to discuss with me ... I just want to state for the record that my client has never carried on a civil conversation with me, listened [sic] to me, listened to a thing I said or attempted to let me represent him, and I just wanted to get that on the record.

It could hardly be said that defense counsel's uninvited interruption amounted to "assistance of counsel" or otherwise negates a finding that appellant represented himself.

5. Although the Texas Constitution provides an accused in a criminal case "the right of being heard by himself or counsel or both," there is no constitutional right to hybrid representation. *Landers*, 550 S.W.2d at 275, 280.

6. *See also Phillips v. State*, 604 S.W.2d 904, 908 (Tex.Crim.App.1979).

7. There is no question that appellant "acted alone" in his defense. Besides the unsolicited commentary of defense counsel (*see supra* note 4), the record shows that throughout the revocation hearing, appellant made his own objections, cross-examined the State's sole witness, testified on his own behalf, responded to the State's objections and presented his own closing argument.

self-representation or take the place of that knowledge. *See Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App.1984) (en banc) (citing *Von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)).

Instead, when an accused asserts his *pro se* rights, the court must determine whether the defendant is aware of the dangers and disadvantages of self-representation. *Johnson v. State,* 760 S.W.2d 277, 278 (Tex.Crim. App.1988). In doing so, a litany of "formulaic questioning" is not required; rather, the record must merely reflect that the defendant knowingly exercised his right to defend himself. *Id.* at 278–79. The trial court's admonishment should seek to ensure that the accused is aware of the practical disadvantages of representing himself, that there are technical rules of evidence and procedure, and that he will not be granted any special consideration solely because he asserted his *pro se* rights. *Id.* at 279.

In this case, because appellant was not admonished of these dangers, there is no basis to conclude that he knowingly exercised his right to represent himself. Without such a knowing waiver of his right to counsel, allowing appellant to represent himself with standby counsel who did not participate in the proceeding was a denial of his right to counsel. Moreover, although courts are generally required to assess whether error contributed to the conviction or punishment,[8] harm is not a consideration with regard to denial of the right to counsel. *See Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827–828 n. 8, 17 L.Ed.2d 705 (1967). Accordingly, I would sustain appellant's sole point of error, reverse the judgment of the trial court, and remand the case for further proceedings.