Affirmed and Opinion filed October 31, 2002















Affirmed and
Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-01196-CR

_______________

 

KENNETH MATHIS
BANKS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_______________________________________________________

 

On Appeal from the 177th District Court

Harris  County, Texas

Trial Court Cause No. 887,727

_______________________________________________________

 

O P I N I O N

 

            Kenneth Mathis Banks appeals a
conviction for burglary of a building with the intent to commit theft[1] on
the ground that he was denied counsel during trial in violation of the Sixth
Amendment of the United States Constitution and article 1.051(h) of the Texas
Code of Criminal Procedure.  We affirm.

 

            Appellant’s sole issue argues that
he was denied counsel during both the guilt/innocence and punishment phases of
his trial because his waiver of the right to counsel was invalid in that: (1) it
was not made knowingly and intelligently; and (2) the trial court
insufficiently apprised him of the consequences of waiving his right to
counsel.  Appellant complains that, after
he expressed his dissatisfaction with his appointed counsel, the trial court
merely allowed him to choose between continuing with that attorney or
representing himself.

            In all criminal prosecutions, the
accused has a right of assistance of counsel for his defense.  U.S.
Const. amend. VI; Tex. Code Crim.
Proc. Ann. art. 1.051(a) (Vernon Supp.
2002).  An accused also has a right to be
heard by himself, counsel, or both.  Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon
1977).  When a criminal defendant chooses
to waive his right to counsel and represent himself, the waiver should be made
knowingly and intelligently, and he should be warned of the dangers and
disadvantages accompanying such waiver.  See Faretta v. California, 422 U.S. 806, 835
(1975); Hatten v. State, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002).  A
decision to waive counsel and proceed pro
se is made “knowingly and intelligently” if it is made with a full
understanding of the right to counsel, which is being abandoned, as well as the
dangers and disadvantages of self-representation.  Moore
v. State, 999 S.W.2d 385, 396 n.5 (Tex. Crim.
App. 1999).  However, the trial court is
not required to admonish a defendant of the dangers of self-representation
where, as here, “standby” counsel[2] is
appointed to him.  Walker v. State, 962 S.W.2d 124, 126-127 (Tex. App.—Houston [1st
Dist.] 
1997, pet. ref’d); Robertson v. State, 934 S.W.2d 861, 866 (Tex. App.—Houston [14th
Dist.] 1996, no pet.).[3]

            In this case, during two separate
pre-trial hearings, the trial court: (1) inquired into appellant’s educational
background and legal experience; (2) warned appellant that he would be at a
serious disadvantage at trial because he was not an attorney; (3) admonished
appellant that he would have to follow the same rules of evidence and procedure
as a licensed attorney; (4) cautioned appellant to not expect any preferential
rulings or treatment because he was not an attorney and that he could not use
his ignorance of the law as an excuse when committing mistakes in representing
himself; (5) asked appellant whether he still wanted to give up his right to
counsel to represent himself; and (6) appointed standby counsel and explained
to appellant what the role of a standby counsel during trial would be.

            In response to the trial court’s
admonishments, appellant: (1) indicated that he had attended college and could
understand law books; (2) expressed dissatisfaction with his appointed counsel
but repeatedly and unequivocally asserted his right to self-representation; (3)
confirmed that he understood that he would not receive any preferential
treatment and would have to follow the rules of evidence and procedure; (4)
expressed confidence that he could do a good job in representing himself
because he knew the facts better than anybody else; and (5) acknowledged
assisting his counsel in a hybrid representation at his probation revocation
hearing.

            This record reflects that appellant
was sufficiently admonished of the dangers and disadvantages of
self-representation, even though it was not required, and that his persistent
assertion of the right of self-representation was knowing and intelligent.[4]  Contrary to his contention on appeal, the
choice he faced between going to trial with appointed counsel and
self-representation is not a denial of counsel or an involuntary waiver of
counsel.[5]  Accordingly, appellant’s sole issue is
overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed October
 31, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           A jury found appellant guilty and
assessed punishment of two years confinement and a $1,000 fine.





[2]           In response to a defendant’s request
for self-representation, “standby” counsel may be appointed by the trial court
to be available to advise the defendant and participate in the case, or not, as
requested by the defendant.  See Faretta,
422 U.S. at 834
n.46; Robertson v. State, 934 S.W.2d
861, 864 (Tex. App.—Houston [14th Dist.] 1996, no pet.).





[3]           Contra
State v. Castillo, 791 P.2d 808, 812 (N.M. Ct. App. 1990) (holding that
even when standby counsel is appointed, the trial court must admonish the
defendant to ensure that he is aware of the hazards and disadvantages of
self-representation).





[4]           See Burgess
v. State, 816 S.W.2d 424, 427-29 (Tex. Crim.
App. 1991).





[5]           An accused does not have the right
to choose his appointed counsel but can merely choose to keep his appointed
counsel or represent himself.  See Garner v. State, 864 S.W.2d 92, 98
(Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).