John Clifton Anderson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-060-CR

JOHN CLIFTON ANDERSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

A jury convicted appellant of the offense of theft of property of a value between $20,000 and $100,000 and sentenced him to confinement for life after determining that he had been convicted in six prior felony offenses.  
See
 
Tex. Penal Code Ann.
 § 31.03(e)(5) (Vernon 2003).  Appellant advances two points on appeal: (1) the trial court failed to timely warn him of the dangers of self-representation before permitting him to represent himself at trial; and (2) the evidence was legally insufficient to sustain his theft conviction.  We will affirm.

We begin by addressing appellant’s 
Faretta
(footnote: 1) complaint.  A criminal defendant has a right to the assistance of counsel in state court, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.  
See Gideon v. Wainwright
, 372 U.S. 335, 339-41, 83 S. Ct. 792, 793-95 (1963).  Concomitant with the right to counsel is the right to waive counsel and to represent one's self at trial.
  See Faretta, 
422 U.S. at 835, 95 S. Ct. at 2541.  When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made "knowingly and intelligently," and he should be warned of the "dangers and disadvantages" accompanying such waiver.  
See id
.

Appellant does not argue that he was never admonished on the dangers and disadvantages of self-representation; instead he argues that the admonishments he received were untimely because he made one appearance at which pre-trial motions were heard before he received the admonishments.  We do not agree.  

It is significant that the record reflects that appellant was appointed standby counsel in cause number 14219 on July 6, 2001.
(footnote: 2)  A number of written pretrial motions were heard in that case and ruled on August 9, 2001.  Appellant admits the trial court provided the requisite 
Faretta
 warnings on October 23, 2001.  Appellant’s counsel on appeal also notes that appellant was reindicted on the same charge in new cause number 14482 on October 18, 2001, and that the motions previously considered prior to the 
Faretta
 warnings in the earlier case were carried forward into the new case 
after
 the requisite 
Faretta
 warnings were given.  Appellant has filed his own appellate brief in which he disputes this assertion.
(footnote: 3)  In his pro-se brief, appellant contends the earlier motions were not carried over into the new case.  The record does not support appellant’s view, as evidenced by the exchange below following the return of the new indictment:

[PROSECUTOR]: The State, at this time, would like to go ahead and orally move to transfer all the motions and documents [from the old case] except for the old indictment into the new case.  We can submit an order on that later if the Court approves it.

THE COURT: All right.

[APPELLANT]: Your Honor, there are some motions that have since, August 12
th
, that have been pending, that have never been heard and I would ask that 
all of my motions be carried over
. 

THE COURT: 
Yes, sir, they will be.

[APPELLANT]: 
And the motions that are pending
.  (Emphasis added).

Appellant’s point fails for at least two reasons.  First, because the record reflects appellant had been appointed standby counsel before the time the earliest motions were heard, there was no 
Faretta
 error.  
See Robertson v. State
, 934 S.W.2d 861, 864-65 (Tex. App.–Houston [14
th
 Dist.] 1996, no pet.) (stating 
Faretta
 admonishments not required where standby counsel appointed); 
see also Walker v. State
, 962 S.W.2d 124, 125-26 (Tex. App.–Houston [1
st
 Dist.] 1997, pet. ref’d) (stating 
Faretta
 admonishments not required because defendant had access to appointed standby counsel)
.  Second, given the fact  that the trial court permitted the motions filed by appellant in the earlier case to be carried over into the new indictment, appellant had the opportunity to present those motions after the time he received the proper 
Faretta
 admonishments.  Point one is overruled.

In point two, appellant contends the evidence was legally insufficient to support his conviction because the evidence against him was circumstantial in nature.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App.
 2001).  
This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth juror, reevaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000). 
 The standard of review is the same for direct and circumstantial evidence cases.  
Burden
, 55 S.W.3d at 613; 
 Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

Viewed in the light most favorable to the verdict, the evidence established that appellant, a truck driver, stole forty laptop computers, valued at  approximately $60,000, from the trailer of a truck that his employer had intended him to deliver to a business in Indianapolis, Indiana.  The offense occurred after appellant was assigned the task of transporting a trailer containing 1000 Toshiba laptop computers from Irvine to Indianapolis.  Appellant’s employer, Safeway Transport, equips its trucks with a global positioning system, which it uses to track the status of its shipments.  After noting that appellant’s truck had been parked at a truck stop in Weatherford, Texas, for two days, Safeway dispatched a replacement driver to locate the truck and check on appellant’s condition and the status of the shipment.  The replacement driver arrived and thereafter contacted local police authorities to report a possible theft.  The seal on the rear door of the trailer was broken, and an empty wooden pallet was found in the bed with plastic shrinkwrap located nearby.  Located in the cab of the truck was an empty Toshiba laptop box of the same model as the laptops previously under seal in the trailer, appellant’s identification card, and the previous day’s classified section of a local newspaper with certain advertisements for vehicles circled.  

A person who placed one of the advertisements in that local paper testified at trial that a man who identified himself as appellant purchased a van from him at the truck stop and then offered to sell him a new Toshiba laptop computer for $250.  Appellant later admitted to police authorities that he was the person who purchased the van.  A local escort service employee testified that she provided services to appellant at a local area hotel, that appellant had a Toshiba laptop in his hotel room, and that as she left appellant gave her a new Toshiba laptop computer he retrieved from his vehicle.  After checking the serial numbers of the laptop given to the escort, police authorities determined it was one of the laptops missing from the trailer.  Appellant was arrested sometime later in Laredo while reentering the United States from Mexico. 

Appellant’s specific complaint on appeal is that because this is a circumstantial evidence case where the evidence conclusively linked him to only one of the forty stolen laptops (the laptop he gave to the escort), the evidence is insufficient.  We disagree.  The evidence also showed that the laptop appellant gave away was stolen from the trailer, which he abandoned and whose load had previously been under lock and seal.  Afterward, appellant fled to Mexico.  Although the evidence is circumstantial, drawing reasonable inferences in favor of the verdict, we hold the evidence was sufficient for a rational trier of fact to find that appellant was the person who broke the seal of the trailer and stole the missing laptops.  
See Bertram v. State
, 670 S.W.2d 305, 306-08 (Tex. App.–Amarillo 1983, pet. ref’d) (holding evidence that defendant was last employee in store, had access to safe, and abruptly left area without notice to his spouse, was sufficient to sustain conviction for theft).  Point two is overruled.

While we appreciate the professional and zealous manner in which appellate counsel has advanced his points on appeal, we have carefully reviewed the record and conclude, as previously noted, that appellant’s arguments should be overruled.  We therefore affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment), CAYCE, C.J., and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 15, 2003

FOOTNOTES
1:
Faretta v. California
, 422 U.S. 806, 95 S. Ct. 2525 (1975).

2:
The order provided in pertinent part that the “[d]uties of the standby counsel appointed shall include being available at trial and pretrial settings to answer questions that the Defendant may have, to provide advice upon request from the Defendant on procedural matters, and to provide other assistance if requested by the Defendant.”  

3:
By asking the court to consider both the brief tendered by counsel and his pro-se brief, appellant is arguably attempting hybrid representation.  Out of an abundance of caution and in the interest of justice, we will consider both briefs.  
See Flores v. State
, 871 S.W.2d 714, 724 (Tex. Crim. App. 1993), 
cert. denied
, 513 U.S. 926 (1994).