COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-060-CR
 
JOHN CLIFTON ANDERSON                                                            
APPELLANT
V.
THE STATE OF TEXAS                                                                
STATE
------------
FROM THE 43
RD DISTRICT COURT OF PARKER
COUNTY
------------
OPINION
------------
A jury convicted appellant of the
offense of theft of property of a value between $20,000 and $100,000 and
sentenced him to confinement for life after determining that he had been
convicted in six prior felony offenses. See Tex. Penal Code Ann. §
31.03(e)(5) (Vernon 2003). Appellant advances two points on appeal: (1) the
trial court failed to timely warn him of the dangers of self-representation
before permitting him to represent himself at trial; and (2) the evidence was
legally insufficient to sustain his theft conviction. We will affirm.
We begin by addressing appellant's Faretta(1)
complaint. A criminal defendant has a right to the assistance of counsel in
state court, guaranteed by the Sixth and Fourteenth Amendments to the United
States Constitution. See Gideon v. Wainwright, 372 U.S. 335, 339-41, 83
S. Ct. 792, 793-95 (1963). Concomitant with the right to counsel is the right to
waive counsel and to represent one's self at trial. See Faretta, 422
U.S. at 835, 95 S. Ct. at 2541. When a criminal defendant chooses to waive his
right to counsel and represent himself, the waiver should be made
"knowingly and intelligently," and he should be warned of the
"dangers and disadvantages" accompanying such waiver. See id.
Appellant does not argue that he
was never admonished on the dangers and disadvantages of self-representation;
instead he argues that the admonishments he received were untimely because he
made one appearance at which pre-trial motions were heard before he received the
admonishments. We do not agree.
It is significant that the record
reflects that appellant was appointed standby counsel in cause number 14219 on
July 6, 2001.(2) A number of written pretrial
motions were heard in that case and ruled on August 9, 2001. Appellant admits
the trial court provided the requisite Faretta warnings on October 23,
2001. Appellant's counsel on appeal also notes that appellant was reindicted on
the same charge in new cause number 14482 on October 18, 2001, and that the
motions previously considered prior to the Faretta warnings in the
earlier case were carried forward into the new case after the requisite
Faretta warnings were given. Appellant has filed his own appellate
brief in which he disputes this assertion.(3) In
his pro-se brief, appellant contends the earlier motions were not carried over
into the new case. The record does not support appellant's view, as evidenced by
the exchange below following the return of the new indictment:

        
 [PROSECUTOR]: The State, at this time, would like to go ahead and orally move
 to transfer all the motions and documents [from the old case] except for the
 old indictment into the new case. We can submit an order on that later if the
 Court approves it.
        
 THE COURT: All right.
        
 [APPELLANT]: Your Honor, there are some motions that have since, August 12th,
 that have been pending, that have never been heard and I would ask that all
 of my motions be carried over.
        
 THE COURT: Yes, sir, they will be.
        
 [APPELLANT]: And the motions that are pending. (Emphasis added).

Appellant's point fails for at
least two reasons. First, because the record reflects appellant had been
appointed standby counsel before the time the earliest motions were heard, there
was no Faretta error. See Robertson v. State, 934 S.W.2d 861,
864-65 (Tex. App.-Houston [14th Dist.] 1996, no pet.) (stating Faretta
admonishments not required where standby counsel appointed); see also Walker
v. State, 962 S.W.2d 124, 125-26 (Tex. App.-Houston [1st Dist.]
1997, pet. ref'd) (stating Faretta admonishments not required because
defendant had access to appointed standby counsel). Second, given the fact that
the trial court permitted the motions filed by appellant in the earlier case to
be carried over into the new indictment, appellant had the opportunity to
present those motions after the time he received the proper Faretta
admonishments. Point one is overruled.
In point two, appellant contends
the evidence was legally insufficient to support his conviction because the
evidence against him was circumstantial in nature.
In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443
U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we
may not sit as a thirteenth juror, reevaluating the weight and credibility of
the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000). The standard of review is the same for direct and
circumstantial evidence cases. Burden, 55 S.W.3d at 613; Kutzner v.
State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
Viewed in the light most favorable
to the verdict, the evidence established that appellant, a truck driver, stole
forty laptop computers, valued at approximately $60,000, from the trailer of a
truck that his employer had intended him to deliver to a business in
Indianapolis, Indiana. The offense occurred after appellant was assigned the
task of transporting a trailer containing 1000 Toshiba laptop computers from
Irvine to Indianapolis. Appellant's employer, Safeway Transport, equips its
trucks with a global positioning system, which it uses to track the status of
its shipments. After noting that appellant's truck had been parked at a truck
stop in Weatherford, Texas, for two days, Safeway dispatched a replacement
driver to locate the truck and check on appellant's condition and the status of
the shipment. The replacement driver arrived and thereafter contacted local
police authorities to report a possible theft. The seal on the rear door of the
trailer was broken, and an empty wooden pallet was found in the bed with plastic
shrinkwrap located nearby. Located in the cab of the truck was an empty Toshiba
laptop box of the same model as the laptops previously under seal in the
trailer, appellant's identification card, and the previous day's classified
section of a local newspaper with certain advertisements for vehicles circled.
A person who placed one of the
advertisements in that local paper testified at trial that a man who identified
himself as appellant purchased a van from him at the truck stop and then offered
to sell him a new Toshiba laptop computer for $250. Appellant later admitted to
police authorities that he was the person who purchased the van. A local escort
service employee testified that she provided services to appellant at a local
area hotel, that appellant had a Toshiba laptop in his hotel room, and that as
she left appellant gave her a new Toshiba laptop computer he retrieved from his
vehicle. After checking the serial numbers of the laptop given to the escort,
police authorities determined it was one of the laptops missing from the
trailer. Appellant was arrested sometime later in Laredo while reentering the
United States from Mexico.
Appellant's specific complaint on
appeal is that because this is a circumstantial evidence case where the evidence
conclusively linked him to only one of the forty stolen laptops (the laptop he
gave to the escort), the evidence is insufficient. We disagree. The evidence
also showed that the laptop appellant gave away was stolen from the trailer,
which he abandoned and whose load had previously been under lock and seal.
Afterward, appellant fled to Mexico. Although the evidence is circumstantial,
drawing reasonable inferences in favor of the verdict, we hold the evidence was
sufficient for a rational trier of fact to find that appellant was the person
who broke the seal of the trailer and stole the missing laptops. See Bertram
v. State, 670 S.W.2d 305, 306-08 (Tex. App.-Amarillo 1983, pet. ref'd)
(holding evidence that defendant was last employee in store, had access to safe,
and abruptly left area without notice to his spouse, was sufficient to sustain
conviction for theft). Point two is overruled.
While we appreciate the
professional and zealous manner in which appellate counsel has advanced his
points on appeal, we have carefully reviewed the record and conclude, as
previously noted, that appellant's arguments should be overruled. We therefore
affirm the trial court's judgment.
 
                                                            
PER CURIAM
 
PANEL F: DAVID L. RICHARDS, J.
(Sitting by Assignment), CAYCE, C.J., and WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 15, 2003

1. Faretta v. California, 422 U.S. 806, 95 S. Ct.
2525 (1975).
2. The order provided in pertinent part that the "[d]uties
of the standby counsel appointed shall include being available at trial and
pretrial settings to answer questions that the Defendant may have, to provide
advice upon request from the Defendant on procedural matters, and to provide
other assistance if requested by the Defendant."
3. By asking the court to consider both the brief tendered
by counsel and his pro-se brief, appellant is arguably attempting hybrid
representation. Out of an abundance of caution and in the interest of justice,
we will consider both briefs. See Flores v. State, 871 S.W.2d 714, 724
(Tex. Crim. App. 1993), cert. denied, 513 U.S. 926 (1994).