NO.
12-07-00206-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TONY L. JONES,      §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Tony L.
Jones appeals his conviction for possession of cocaine.  In one issue, he argues that the trial court
should have more fully admonished him before it permitted him to represent
himself. We affirm.

 

Background








            Appellant
was arrested and indicted for possession of 0.08 grams of cocaine, a state jail
felony.  Prior to trial, he told his
court appointed attorney that he wished to plead guilty, but that he wanted a
jury to assess punishment.  When the case
was called for trial, Appellant complained that his attorney had not been
sufficiently attentive and asked to represent himself.  Over what took at least six pages to
transcribe, the trial court explained to Appellant that although it was his
constitutional right to represent himself, it was a “horrible mistake,” and
that appointed counsel was one of the best attorneys the court had seen in
trial, either as a judge or as a trial lawyer. 
The trial court discussed the difficulties Appellant would face in
conducting voir dire, in determining whether to testify, and in cross examining
witnesses.  After discussing the matter
with counsel, Appellant reaffirmed that he wished to represent himself.  The trial court then instructed Appellant
that he had the right to represent himself, and asked him if, despite all the
court had explained to him, he still wished to represent himself.  Appellant said he did.  The court again reiterated that the maximum
punishment for the charged offense was two years in a state jail facility, that
Appellant was a nonlawyer and was at a disadvantage representing himself, that
he was making a “huge mistake,” and that the court “strongly advised” him not
to represent himself.  Appellant
persisted, and the trial court allowed him to represent himself, though it
retained appointed counsel as “stand-by” counsel.        Appellant
pleaded guilty, and the jury assessed punishment at two years of confinement
and a fine of $10,000.  This appeal
followed.

 

Waiver of
Right to Counsel

            In
one issue, Appellant argues that he did not receive the proper warnings
pursuant to Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525,
45 L. Ed. 2d 562 (1975), before being permitted to represent himself.

Applicable Law

            The
Sixth Amendment to the United States Constitution and Article I, Section 10 of
the Texas Constitution provide that a defendant in a criminal trial has the
right to assistance of counsel. U.S. Const.
amend. VI; Tex. Const.
art. I, § 10.  Concomitant with the right
to counsel is the right to waive counsel and to represent one’s self.  Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002) (citing Faretta, 422 U.S. at 807, 95
S. Ct. at 2527); see also Oliver v. State, 872 S.W.2d 713,
715–16 (Tex. Crim. App. 1994).  Before
being permitted to represent himself, a defendant must  be made aware of the dangers and
disadvantages of self representation and must “knowingly and intelligently”
forgo the benefits of having counsel. 
Faretta, 422 U.S. at 835, 95 S. Ct. at 2541; Geeslin v.
State, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980); see also Hatten,
71 S.W.3d at 334 (Independent of Faretta, waiver of counsel must
be “knowing, intelligent and voluntary.”).[1]  A waiver will not be presumed or implied from
a silent record.  See Carnley
v. Cochran, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70
(1962).  Rather, the record must show
that the defendant intelligently and understandingly elected to proceed without
counsel.  Id.;
Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992).  

Analysis

            Appellant argues that he was not
advised of the pitfalls and problems associated with self representation. In
his brief he writes:

 

The absence of any
evidence that proper admonishments and warnings were given to [Appellant],
combined with the complete absence in the record of any indication that the
trial court took any action that could permit it to decide whether [Appellant]
was intentionally and knowingly and voluntarily waiving his right to counsel
and asserting his right to self-representation means that the trial court
failed to meet the requirements set out by both the Supreme Court and the Texas
Court of Criminal Appeals.

 

 

            But
this is not so.  As we detailed in the
background section of this opinion, and as Appellant set out in his statement
of facts, the trial court spent a great deal of time discussing the matter with
Appellant.  The court warned Appellant
that he would be held to the same standard as a lawyer, that it was a mistake
to represent himself, and that Appellant was ill equipped to make important
decisions as to whether to testify or to cross examine witnesses.  To the extent Appellant’s argument can be
understood to assert that some part of the required warnings were not given, he
has not been specific enough for us to determine the scope of his
argument.  To the extent Appellant argues
that there were no warnings, this assertion is contrary to the record.

            Several
courts have held that Faretta admonishments are not necessary
where, as here, the court appoints standby counsel.  See, e.g., Walker v.
State, 962 S.W.2d 124, 126-27 (Tex. App.–Houston [1st Dist.] 1997, pet.
ref’d); Robertson v. State, 934 S.W.2d 861, 864–65 (Tex. App.–Houston
[14th Dist.] 1996, no pet.); but see Grant v. State, No.
09-06-00172-CR, 2007 Tex. App. LEXIS 8444, at *9–10 (Tex. App.–Beaumont Oct.
24, 2007, no pet.) (mem. op., not designated for publication).  We need not reach the question of whether the
presence of standby counsel obviates the need for admonishments because the
trial court carefully and patiently explained to Appellant the decision he was
making.  As the Supreme Court has
recognized, our system of justice does not require a citizen to accept counsel
he does not want, and the right to self representation is at least as important
as the right to counsel.  See Faretta,
422 U.S. at 820, 95 S. Ct. 2533–34 (“To thrust counsel upon the accused,
against his considered wish, thus violates the logic of the [Sixth] Amendment.
In such a case, counsel is not an assistant, but a master; and the right to
make a defense is stripped of the personal character upon which the Amendment
insists.”).  

            The
trial court gave sufficient admonishments for it to determine that Appellant’s
waiver of counsel was freely and voluntarily made with an understanding of the
dangers inherent in that decision.  The
trial court did not err when it allowed Appellant to exercise his right to
represent himself.  We overrule Appellant’s
sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered March 26, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] A statute in effect at the time of the trial
required that the waiver of counsel be in writing.  See Act of June 19, 1987, 70th Leg.
R.S., ch. 979, § 1, 1987 Tex. Gen. Laws 3321 (amended 2001, 2007) (current
version at Tex. Code Crim. Proc.
Ann. art. 1.051 (Vernon Supp. 2007)).  Appellant does not argue that the statute was
violated.