Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01019-CR

_______________

 

CARLOS G. LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                              
                                                                                                 

On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1076912

                                                      
                                                                                         

 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant Carlos G. Lopez of possession with intent to deliver at
least 400 grams of methamphetamine and sentenced him to thirty years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  In a single issue, appellant
asserts that the trial court erred by not adequately admonishing him concerning
his right to a court-appointed attorney.  We affirm.








I.  Factual And Procedural Background

On July
17, 2006, Houston County deputy Isbel Diaz, Jr. arrested appellant for driving
a stolen vehicle. Diaz searched the vehicle incident to appellant=s arrest and discovered over 750
grams of cocaine and a loaded firearm in the back seat area of the car.  Diaz
also found several baggies of methamphetamine, which weighed more than 100
grams.  After appellant was arrested and transported to jail, he was more
completely searched.  Officers discovered over 390 grams of methamphetamine
hidden inside appellant=s clothing in his groin area.  They also found fake
identification and over $1,200 in cash in appellant=s wallet.  The total weight of the
methamphetamine, including adulterants and dilutants, found in the stolen
vehicle and on appellant=s person was over 500 grams.  

In
August, 2006, the trial court appointed an attorney for appellant.  Appellant
was indicted in October 2006 for possession with intent to deliver over 400
grams of methamphetamine.  The indictment included an enhancement paragraph
alleging appellant used a deadly weapon in the course of committing this
offense.  Appellant moved to substitute retained counsel in January 2007, and
the trial court granted the motion.  In February 2007, however, his retained
counsel filed a motion to withdraw because appellant 

repeatedly
failed to discuss the facts of his case, has not been totally honest with his
attorney, persisted on disregarding his attorney=s legal advice, and has informed []his attorney that he does not have
sufficient funds to pay his legal fees, investigation fees, and so forth.

The trial court granted
his retained counsel=s motion to withdraw and subsequently reset appellant=s case twice to permit him to retain
new counsel.  On March 3, 2007, appellant requested and was granted a new
court-appointed attorney.[1]  








Appellant=s appointed counsel, Patricia Segura,
filed numerous motions on his behalf.  Before his trial in November 2007,
appellant notified the trial court that he wanted to represent himself.  The
trial court conducted an admonishment hearing on November 7, 2007, at which
appellant=s appointed counsel, Ms. Segura, was present.  During the hearing, the
trial court admonished appellant that he would be held to the same standards as
a trained legal professional and would be expected to know the Texas Rules of
Evidence; the trial court also strongly advised appellant not to represent
himself.  The trial court also questioned appellant about his educational
background.[2]  The trial
judge informed appellant that the minimum punishment for the offense with which
he had been charged was fifteen years= incarceration, and that the range of
punishment extended to life in prison. 

At the
close of the admonishment hearing, the trial court stated, AMs. Segura, I=m going to have you stand by at
counsel table to assist him, but he=s representing himself.  I think he clearly understands what he=s doing; I think it=s the wrong thing to do.  But that=s not my call, that=s [appellant=s] call.  You have a right to waive a
lawyer.@ (emphasis added).  Appellant
represented himself at all stages of his trial; the reporter=s record reflects that Ms. Segura
also was present for his entire trial.

The jury
found appellant guilty as charged in the indictment, but did not find beyond a
reasonable doubt that appellant used or exhibited a firearm during the
commission of the offense.  After a punishment hearing, the jury sentenced
appellant to thirty years= confinement in the Institutional Division of the Texas
Department of Criminal Justice and assessed a fine of $50,000.  The trial court
rendered judgment on the jury=s verdict, and this appeal timely ensued.








II.  Issue Presented

In a
single issue, appellant asserts that the trial court erred in failing to
adequately admonish him regarding his right to a free court-appointed attorney.

III.  Analysis

A.        Sixth Amendment Right to
Counsel

The
Sixth Amendment guarantees that, in all criminal cases, Athe accused shall enjoy the right . .
. to have the Assistance of Counsel for his defense.@  U.S.
Const. Amend. VI; see also Williams v. State, 252 S.W.3d 353, 355
(Tex. Crim. App. 2008).  Because the right to counsel is a fundamental right,
an indigent defendant is entitled to appointed counsel unless he Acompetently, intelligently, and
voluntarily waives the right to counsel.@  Williams, 252 S.W.3d at
356.  Of course, a defendant also is entitled to represent himself.  See id.
(citing Faretta v. California, 422 U.S. 806, 818 (1975)); see
also Robertson v. State, 934 S.W.2d 861, 863B64 (Tex. App.CHouston [14th Dist.] 1996, no
pet.).   








Once a
defendant asserts his right to self-representation, a trial court judge must
ascertain that the defendant is choosing to waive the right to counsel
knowingly and intelligently, and must warn the defendant about the dangers and
disadvantages accompanying such a waiver.  See Faretta, 422 U.S. at 818;
Williams, 252 S.W.3d at 356.  A trial judge must inform the defendant
that there are technical rules of evidence and procedure, and that he will not
be given any special consideration simply because he has asserted his right of
self-representation.  Williams, 252 S.W.3d at 356.  The trial court,
however, has no duty to question a defendant about his education, background,
or mental history in every case in which a defendant states he wants to proceed
pro se.  Id.  Further,  when a trial court appoints standby counsel,
admonishments regarding waiver of Sixth Amendment rights are not required.  See
Robertson, 934 S.W.2d at 865B66; see also Walker v. State,
962 S.W.2d 124, 126B27 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).  But see Grant v. State,
255 S.W.3d 642, 647B48 (Tex. App.CBeaumont 2007, no pet.) (disagreeing with Robertson
and Walker that appointment of standby counsel relieves the trial court
of responsibility of admonishing defendant about dangers of
self-representation, but determining nonetheless that defendant voluntarily and
knowingly waived his right to counsel).

B.        Application

Appellant
asserts that the Atrial court erred in not adequately admonishing appellant
that he was entitled to a free court appointed attorney.@  In making this argument, appellant
further contends that the trial court did not inform him of the Apitfalls inherent in
self-representation.@  The trial court=s error in failing to admonish
appellant was compounded, according to appellant, by the fact that appellant
did not understand the nature of the charges against him because there were two
indictments pending against him.  Finally, appellant argues that his confusion
was exacerbated by a significant language barrier.  We conclude appellant=s issue is without merit for several reasons.

First,
appellant=s reliance on Williams v. State is misplaced.  See Williams,
252 S.W.3d at 355.  In Williams, the appellant pleaded guilty and Awhen she appeared for trial, she did
not have counsel.@  Id.  But here, as noted above, appellant was
provided with a court-appointed attorney twice before his trial.[3] 
Appellant=s second appointed counsel, Ms. Segura, was present during the hearing at
which the trial court admonished appellant and was ordered by the trial court
to remain as appellant=s standby counsel during his trial.  Thus, Williams is
readily distinguishable.








Second,
the trial court repeatedly suggested to appellant that representing himself was
not in his best interests.  The following colloquy between the trial judge and
appellant is but one of numerous times that the trial court suggested appellant
needed assistance in pursuing his case:

[Trial Court]:  If you ask inappropriate questions,
the State will object; and if they=re
inappropriate, I=ll grant their objection.  You have to know how to
question witnesses, you have to know what the rules are.  You do not know those
things.  I can=t - - I=m
not allowed to make allowances for you because you don=t know.

[Appellant]:                I understand.  I
understand everything.  I=m in the hands of God, that=s all.

[Trial Court]:  Everybody=s in the hands [of] God, sir; but in this courtroom
you can use a little help.

Further, the trial court
informed appellant that he would receive no Aspecial treatment@ because he was not a lawyer.  In
response to appellant=s question regarding the stolen car, the trial judge reminded
appellant that he was not charged with stealing the car, but with possession of
drugs.  When appellant asserted that the plea bargain sentence proposed by the
State was Atoo much for a stolen car,@ the trial judge informed appellant
that 

What you
think and what the law says are not the same.  The law says it=s 15 to life.  What you think is not consistent with
what the law is.  You may not agree with it, but that=s the law.  What you=re charged with is a 15-to-life case.  Period, that=s a fact.  You=re not charged with a stolen car.  You=re charged with drug possession.  

(emphasis added). 
Appellant repeatedly acknowledged that he understood the charge against him.








Third,
the Alanguage barrier@ about which appellant complains was
alleviated by the presence of a court interpreter during all stages of the
proceedings, including the admonishment hearing.  Further, at the beginning of
the admonishment proceedings, the trial judge informed appellant that he could
speak in Spanish because there was an interpreter present.  Several times
during the admonishment hearing, the trial court asked the translator to
translate her questions and the statements made by appellant.  

In sum,
the trial court admonished appellant about the nature of the offense with which
he was charged and the possible punishment, informed him he would receive no Aspecial treatment@ and would be required to abide by
the rules of evidence, and unequivocally advised him that he should not
represent himself.  Thus, we cannot say that these admonishments were
insufficient, or that appellant was not informed about the Adangers and disadvantages of
self-representation.@  See, e.g., Williams, 252 S.W.3d at 356
(quoting Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986)
(en banc)).  Moreover, the trial court ordered his appointed counsel to standby
at counsel table to assist him.  When the trial court appoints standby counsel,
admonishments about the waiver of the right to counsel are not required.  See
Robertson, 934 S.W.2d at 865B66.  Thus, even if the admonishments
provided by the trial court in this case were in any way insufficient, they
were not necessary because the trial court appointed standby counsel.  

For
these reasons, we overrule appellant=s sole issue and affirm the judgment
of the trial court.

 

/s/        Eva M. Guzman

Justice

 

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  On the preprinted order appointing counsel,
appellant signed the following request:

[T]he
DEFENDANT in the above styled and numbered cause respectfully petitions the
Court to appoint counsel to represent him / her in this cause and would show
the Court that he / she is financially unable to hire an attorney.





[2]  For example, the trial court inquired whether
appellant had any legal training; appellant stated he had attended both high
school and some nursing school in Mexico, and had studied AAmerican law@ in
the jail law library.  During the proceedings, appellant further affirmed that
he had attended Asome college@
and indicated that he had studied AMexican
law@ at the University of Tamaulipas in Mexico.





[3]  In fact, as discussed supra, appellant
substituted retained counsel in place of his first court-appointed attorney.
After his retained counsel withdrew, the trial court appointed new counsel on
appellant=s request.