**Emmitt WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–82–462–CR, 3–83–040–CR.**

Court of Appeals of Texas,
Austin.

June 29, 1983.

David Spencer, Austin (appointed), for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

**ORDER**

PER CURIAM.

These are separate appeals from two judgments of conviction for aggravated robbery. Tex.Pen.Code Ann. § 29.03(a)(2) (1974). Punishment was assessed by a jury

in each cause at confinement for eighteen years and twenty years, respectively. In the latter cause, the trial court cumulated the sentences under the provisions of Tex. Code Cr.P.Ann. art. 42.08 (1979).

In our cause no. 3–82–462–CR, despite four extensions of time to file his brief, appellant's court-appointed counsel has filed a brief containing five grounds of error, unaccompanied by any argument or authorities. In our cause no. 3–83–040–CR, after two extensions of time, the same counsel has filed a brief containing four grounds of error, equally destitute of supporting argument or authorities.

■ If a ground of error is not briefed, with a discussion or argument relating to the contention, supported by citation of applicable authorities, the appellate court is authorized to regard the ground of error as presenting nothing for review. *See McWherter v. State,* 607 S.W.2d 531, 537 (Tex.Cr.App.1980); *Roberson v. State,* 513 S.W.2d 572, 577 (Tex.Cr.App.1974); *Houston v. State,* 506 S.W.2d 907, 908 (Tex.Cr. App.1974); *Henriksen v. State,* 500 S.W.2d 491, 496 (Tex.Cr.App.1973); *Schoier v. State,* 480 S.W.2d 657, 659 (Tex.Cr.App. 1972). In our view, if appointed counsel files a substantive, non-frivolous brief which fails to preserve any complaints for review, this is tantamount to a failure to file any brief at all, contrary to the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We would also conclude that in this context, appellant would not be afforded adequate assistance of counsel on appeal.

Even if this were not the case, however, a skeletal brief is an impermissible burden to the appellate process: since the State must speculate upon appellant's position, the preparation and quality of its brief are impaired; and, unless corrected, the cause is therefore poorly presented to the appellate court for its disposition. We further observe that a skeletal brief is not a substitute for a motion for extension of time to file the brief, even if followed on or near date of submission by what amounts to a counterfeit "supplemental" brief which remedies the defect. This practice, which suddenly places the State in the position of having to respond *after* submission, thereby postponing the court's disposition of the appeal, will not be allowed by this Court.

Therefore, pursuant to Tex.Cr.App.R. 202(c), it is hereby ordered that appellant's counsel, David Spencer, shall file a new brief in each of these causes, fully supported by the argument and authorities upon which appellant relies, for each ground of error presented, on or before the 22nd day of July, 1983. No motions for extension of time to file the same will be entertained. The State's briefs, respectively, shall be due on or before thirty days from the actual date appellant's new briefs are filed as ordered herein.

It is so ordered this the 29th day of June, 1983.

BRADY, J., not participating.