Affirmed and Majority and Dissenting Opinions filed August 10, 2006








Affirmed and Majority and Dissenting Opinions filed August 10,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00725-CR

____________

 

ANTON DEVON NIKKYNUEBE HOUSTON
a/k/a ANTON N. ROBERTSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
Criminal District Court

Harris County, Texas

Trial Court Cause No. 960,887

 



 

M A J O R I T Y  O P I N I O N








Appellant, Anton Devon Nikkynuebe Houston,[1]
was charged by indictment with the state jail felony of driving while
intoxicated with a child passenger.  Tex.
Pen. Code Ann. ' 49.045 (Vernon Supp. 2005).  The indictment
also alleged appellant had been previously convicted of (1) felony attempted
possession of a controlled substance and (2) felony possession of a controlled
substance.  Appellant entered a plea of guilty to the primary offense, and a
plea of true to the enhancement allegations without the benefit of a plea
bargain agreement.[2] 
The trial court subsequently found appellant guilty, found the enhancement
allegations to be true, and assessed appellant=s punishment at
confinement in the state penitentiary for a term of 6 years and a $10,000
fine.  In two points of error, appellant contends the trial court erred by (1)
failing to withdraw his guilty plea and (2)  failing to admonish him that he
had no right to hybrid representation.  We affirm.








In his first point of error, appellant alleges the Atrial court erred
in failing to withdraw his plea of guilty based upon erroneous advice from
[his] attorney that he would receive probation.@  Outside of this
naked allegation, appellant provides no explanation of the alleged error. 
Rather, appellant states in his brief that if Aan attorney
conveys erroneous information to his client, a plea of guilty based upon that
misinformation is involuntary.@  This, of course, is a well established
principle of law that no one disputes,[3]
but how it relates to the case before us is not explained.  Without further
analysis, appellant then concludes his argument by stating, AThe trial court
failed to act as a gate keeper to protect Appellant=s rights in this
matter and thus abused its discretion in not authorizing the withdrawal of
Appellant=s . . . plea of guilty.@ 

Appellant has, in short, filed a superficial brief that,
with very little guidance, and simply invites this court to find any
kind of reversible error associated with appellant=s plea of guilty
if we can find it within our creative power to do so.  This court, however, is
not appellant=s counsel, and a skeletal brief is an impermissible
burden on the appellate process.  Walker v. State, 654 S.W.2d 61, 62
(Tex. App.CAustin 1983, pet. ref=d).  Both the
State and this court must speculate upon appellant=s position, and
the issue is, thus, poorly presented for disposition.  We will, nevertheless,
in the interest of justice, attempt a review of appellant=s contentions to
the extent we understand them.

Appellant cites authority for the proposition that
misinformation supplied by counsel may lead to an involuntary plea.  However,
appellant does not expressly seek a reversal due to an involuntary plea. 
Moreover, arguments that a plea was involuntarily made on the erroneous advice
of counsel are usually reviewed through a claim of ineffective assistance of
counsel.  Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); Battle
v. State, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991); Morrow v. State,
139 S.W.3d 736, 744 (Tex. App.CTexarkana 2004, no pet.).  However,
appellant makes no assertion that his conviction should be reversed for
ineffective assistance of counsel.  Instead, appellant appears to base his
claim of reversible error on his contention that the trial court abused its
discretion by failing to withdraw his guilty plea.  In presenting this
argument, appellant claims he attempted to withdraw his plea, and the trial
court refused his request.








After examining the record, we find no such attempt by
appellant to withdraw his plea; rather, he insisted on pleading guilty even
after he learned of counsel=s alleged misinformation. On May 11, 2004,
appellant, with his counsel present, waived a court reporter, arraignment, and
formal reading of the indictment.  He pled guilty to the trial court without a
plea bargain.  Although there is no reporter=s record of the
plea hearing, the clerk=s record contains a AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ signed by appellant. 
In this document, appellant confessed to all facts alleged in the indictment
and verified that no plea bargain existed.  The trial court=s docket sheet
indicates appellant was admonished about the consequences of his plea, and
appellant signed the necessary written admonishments.  Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.
2005).  These admonishments disclosed the charge against appellant and
indicated the appropriate range of punishment.[4]








The record also reflects that appellant initialed a
paragraph describing the consequences of violating the conditions of deferred
adjudication, should the court grant deferred adjudication.[5] 
Appellant declined, in writing, to participate in the preparation of a PSI
report, and requested that no PSI report be made.  Finally, appellant confirmed
that he fully understood the consequences of his plea and, after having fully
consulted with his attorney, he requested the trial court accept his plea. 
Although the trial court found sufficient evidence of appellant=s guilt at this
hearing, the court deferred a finding of guilt and took the case under
advisement.  Appellant also filed a AMotion for
Community Supervision@ on the same date, disclosing the two
prior felony convictions listed in the indictment and asking the court to place
him on community supervision.  The trial court scheduled a hearing pending
completion of the PSI report.

Approximately two weeks after entering his plea, appellant
filed three, handwritten, pro se motions on May 27, 2004.  His first motion was
entitled AMotion to dismiss court appointed counsel and appoint
new counsel to act on behalf of defendant.@[6]  In this motion,
appellant accused his court-appointed attorney of providing ineffective
assistance of counsel for a variety of reasons, but one cryptic notation reads:
AMisrepresentation,
for as lying to me, telling I=m signing for probation, come to find out
it was something different.@  However, when interviewed by the
probation officer who prepared the PSI report, appellant modified his
accusation significantly.  Appellant told the investigating officer that Ahis attorney told
him the Judge would consider given [sic] him probation if he plead
guilty.@  (emphasis
added).

Despite appellant=s alleged
dissatisfaction with his trial attorney, he thereafter persisted on pleading
guilty again. On July 21, 2004, appellant appeared with his attorney before the
trial court.  No court reporter was present or requested.  The court=s docket sheet
indicates appellant, once again, waived arraignment and a formal  reading of
the indictment, pled guilty a second time, and was admonished of the
consequences of his plea.  On this occasion, the trial court found appellant
guilty and assessed his punishment.








We recognize that a guilty plea must be entered into
voluntarily and freely.  Tex. Code Crim.
Proc. Ann. art. 26.13(b); Anderson v. State, 182 S.W.3d 914, 921
n.1 (Tex. Crim. App. 2006) (Hervey, J., concurring).  When considering the
voluntariness of a guilty plea, we must examine the entire record.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).  If the
trial court properly admonished the defendant before a guilty plea was entered,
there is a prima facie showing the plea was both knowing and voluntary.  Id. 
The burden then shifts to the defendant to show he pled guilty without
understanding the consequences of his plea and, consequently, suffered harm. 
Pena v. State, 132 S.W.3d 663, 666 (Tex. App.CCorpus Christi
2004, no pet.).  Therefore, a defendant who attests during the initial plea
hearing that his plea is voluntary bears a Aheavy burden@ to prove in a
subsequent hearing that he entered the plea involuntarily.  Coronado v.
State, 25 S.W.3d 806, 809 (Tex. App.CWaco 2000, pet.
ref=d); Cantu v.
State, 988 S.W.2d 481, 484 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d).  A guilty plea is not involuntary
simply because the sentence exceeded what an accused expected, even if that expectation
was raised by his attorney.  Hinkle v. State, 934 S.W.2d 146, 149 (Tex.
App.CSan Antonio 1996,
pet. ref=d).

Here, the defendant=s burden is
compounded by the absence of a record.  A defendant who waives his right to
have a court reporter record the proceedings and, thereafter, challenges on
appeal the voluntariness of his plea, nevertheless retains his burden to ensure
a sufficient record is presented on appeal to establish error.  Lopez v.
State, 25 S.W.3d 926, 928B29 (Tex. App.CHouston [1st
Dist.] 2000, no pet.).  Moreover, we presume recitals in court documents are
correct unless the record affirmatively shows otherwise.  See Breazeale
v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). 








A defendant may withdraw his plea as a matter of right,
without assigning a reason, until judgment is pronounced or the case is taken
under advisement by the trial court.  Jackson v. State, 590 S.W.2d 514,
515 (Tex. Crim. App. 1979).  If, however, a defendant desires to withdraw his
guilty plea after the court has taken the case under advisement, withdrawal of
the plea is within the sound discretion of the court.  Jagaroo v. State,
180 S.W.3d 793, 802 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  After a trial
court has admonished a defendant, received the plea and evidence, and passed
the case for a pre‑sentence investigation, the case has been taken under
advisement.  Id.  An abuse of discretion is shown only when the trial
court=s ruling lies
outside the Azone of reasonable disagreement.@  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).  Appellant
does not contend that he sought to withdraw his guilty plea until after his
case was taken under advisement.  Therefore, he could not withdraw his plea as
a matter of right.

Appellant concedes that he did not expressly request to
withdraw his plea.  However, he contends that, while his handwritten pro se
motions were inartful, they constituted the Afunctional
equivalent@ of a motion to withdraw his guilty plea.  First, we
know of no authority requiring a trial court to Aread between the
lines@ of a defendant=s pro se motion to
discern his unstated intent.  In fact, the trial court was not obliged to read
or rule upon appellant=s pro se motions.  See Meyer v. State,
27 S.W.3d 644, 648 (Tex. App.CWaco 2000, pet. ref=d) (holding trial
court is not required to consider pro se motions filed when accused is
represented by counsel).  Further, appellant never presented any evidence in
support of his motions or obtained a ruling thereon.[7] 
Under these circumstances we find no support for appellant=s contention that
he requested to withdraw his plea of guilty.








Nonetheless, by accusing the trial court of failing to act
as a Agate keeper,@ appellant may be
suggesting the trial court had a duty to sua sponte withdraw appellant=s guilty plea.  A
trial judge, however, is not required to sua sponte withdraw a defendant=s guilty plea,
even if evidence is brought to the judge=s attention making
the defendant=s innocence evident.  Moon v. State, 572 S.W.2d
681, 682 (Tex. Crim. App. 1978); Fisher v. State, 104 S.W.3d 923, 924
(Tex. App.CHouston [14th Dist.] 2003, no pet.).  Appellant seems
to implicitly suggest, however, that the trial court had a duty to withdraw his
plea because he was not eligible for deferred adjudication.  Appellant cites no
authority for this contention.

Certainly, Article 42.12 of the Code of Criminal Procedure
excludes deferred adjudication as a possible punishment for driving while
intoxicated.  See Tex. Code Crim.
Proc. Ann. art. 42.12 ' 5(d)(1)(A) (Vernon Supp. 2005) (stating
trial judge may grant deferred adjudication unless the defendant is charged
with an offense under Texas Penal Code sections 49.04, 49.05, 49.06, 49.07, or
49.08).  However, appellant was charged and convicted of driving while
intoxicated with a child passengerCan offense
described in Section 49.045 of the Penal Code[8]
that is noticeably absent from the list of excluded offenses found in Article
42.12, ' 5(d)(1)(A) of the
Code of Criminal Procedure.  Accordingly, we find appellant was eligible for
deferred adjudication and the trial court preserved that punishment option
during the pendency of the PSI report by deferring a finding of guilt.[9]









Because appellant was properly admonished by the trial
court, there is a prima facie case that his plea was entered knowingly and
voluntarily.[10] 
We find appellant did not meet his Aheavy burden@ to prove his plea
was entered involuntarily; in fact, he has presented no evidence in support of
his claim.  After considering the totality of the circumstances, viewed in
light of the entire record, we find the trial court did not abuse its
discretion in failing to withdraw appellant=s guilty plea. 
Appellant=s first point of error is overruled.

In his second point of error, appellant argues the trial
court erred by failing to admonish him Aabout hybrid
representation and the choice of self representation or representation by legal
counsel.@  When a defendant
partially represents himself in a case but remains fully represented by
counsel, no question of waiving the right to counsel is involved, and a trial
court does not err by failing to admonish the defendant of the dangers, if any,
of hybrid representation.  Phillips v. State, 604 S.W.2d 904, 908 (Tex.
Crim. App. 1979);  see Robertson v. State, 934 S.W.2d 861, 855B56 (Tex. App.CHouston [14th
Dist.] 1996, no writ) (holding because admonishment is not required for hybrid
representation, it is not required for standby counsel).  Here, appellant was
represented by counsel at all critical stages of his case.  Appellant filed a
handwritten motion requesting hybrid representation in which he specifically
asked that he not be required Ato waive his right
to counsel in order to be permitted to file motions, and not to force him to
choose a pro se defense in order to fully exercise his Sixth Amendment rights
under the United States Constitution.@  We find
appellant was not entitled to any admonishment from the trial court about
hybrid representation.  We overrule appellant=s second point of
error.

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment rendered
and Majority and Dissenting Opinions filed August 10, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore (Seymore, J., dissenting).

Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant identified himself to the police as Anton
N. Robertson.  However, at his arraignment, he identified himself as Anton
Devon Nikkynuebe Houston.  A fingerprint identification revealed appellant has
been arrested or prosecuted under at least nine different aliases.





[2]  The pre-sentence investigation report (PSI) states
that a charge against appellant for burglary with intent to commit a felony was
dismissed on the same day appellant entered his plea of guilty in this case. 
Moreover, appellant refers at one point in his brief to the Aplea bargain agreement,@ but later says Athere was no specific plea agreement.@

There are two basic kinds of plea bargains
that affect punishment:  (1) sentence bargaining and (2) charge bargaining.  Carender
v. State, 155 S.W.3d 929, 930 (Tex. App.CDallas
2005, no pet.).  Sentence bargaining may be for binding or nonbinding
recommendations to the court on sentences, including a recommended Acap@ on sentences
and a recommendation for deferred adjudication community supervision.  Id.
at 931.  Charge bargaining involves questions of whether the defendant will
plead guilty to the offense that has been alleged or a lesser or related
offense and whether the prosecutor will dismiss or refrain from bringing other
charges.  Id.  Both sentence bargaining and charge bargaining affect
punishment.  Id.

Here, despite its dismissal of the
burglary case, the State asserts that no plea bargain existed.  Likewise, the recordCincluding the trial court=s judgment, appellant=s signed AWaiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession,@
and the ATrial Court=s
Certification of Defendant=s Right to
Appeal@Cindicates no plea bargain existed.  Accordingly, we
presume the State=s dismissal of the burglary charge was not part of a
plea bargain agreement.





[3]  See Ex parte Kelly, 676 S.W.2d 132, 135 (Tex.
Crim. App. 1984); Morrow v. State, 139 S.W.3d 736, 744 (Tex. App.CTexarkana 2004, no pet.); Burke v. State, 80
S.W.3d 82, 93 (Tex. App.CFort Worth 2002, no pet.); Courtney v. State,
39 S.W.3d 732, 735 (Tex. App.CBeaumont 2001,
no pet.).





[4]  The admonishments include a paragraph that begins: AIf convicted, you face the following range of
punishment@ followed by a list of several Acheck-box@
paragraphs.  Each of these paragraphs was clearly marked out by hand except for
one, which was circled and initialed by appellant.  It reads:  Aif a state jail felony punishable under Section
12.35(a) of the Texas Penal Code is enhanced with two final state jail felony
convictions, a term of not more than 10 years or less than 2 years
in the Texas Department of Criminal Justice, and in addition, a fine not to
exceed $10,000 may be assessed.@ 
The portions underlined herein were underlined by hand.





[5]  Appellant also initialed various provisions not
applicable to him, including a statement partially underlined by hand that Athe Court will permit you to withdraw your plea of
guilty or nolo contendere should it reject any plea bargain agreement.@ As there was no plea agreement in effect, this
statement was clearly inapplicable to appellant=s case.  See Tabora v. State, 14 S.W.3d 332, 334 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (stating
preprinted boilerplate form containing provisions clearly meaning to apply to a
wide variety of situations did not misinform defendant, as not all paragraphs
apply to every defendant).  The record contains no explanation for this
underlining, and we will not speculate as to its significance.  Appellant
argues the underlined text is significant because it is the only admonishment
underlined in the document .  However, we observe that another underlined
portion of the same form is a statement that appellant faced a range of
punishment between two and ten years.





[6]  Appellant=s
other two motions were entitled a AMotion
for Hybrid Representation@ and ADefendant=s Motion to Have Written Rulings on all Motions Filed
by the Defendant.@   In his second motion, appellant requested the trial
court allow him to assist his attorney in filing Anecessary pretrial motions.@ 
Appellant=s third motion sought nothing more than its title
implies.





[7]  We observe that even if we were to construe
appellant=s pro se motions as a request to withdraw his guilty
plea, a motion to withdraw a guilty plea is the equivalent of a motion for new
trial.  See Tex. R. App. P. 21.1 (defining a new trial as Athe rehearing of a criminal action after the trial
court has, on the defendant=s motion, set
aside a finding or verdict of guilt@); State
v. Evans, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (stating order
granting a motion to withdraw a guilty plea has precise effect of granting a
new trial).

A party making a motion for new trial must
present that motion to the trial court.  Tex.
R. App. P. 21.6.  To prove presentment, the record must contain more
than just proof that the motion was timely filed; it must also contain proof
that the movant actually delivered the motion to the trial court or that the
motion was otherwise brought to the trial court=s attention.  Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim.
App. 1998); Longoria v. State, 154 S.W.3d 747, 762 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  A trial court does not abuse its discretion by
denying a motion for new trial without a hearing when the motion was not timely
presented.  Birdwell v. State, 996 S.W.2d 381, 384 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).





[8]  Tex. Pen.
Code Ann. ' 49.045 (Vernon Supp. 2005).  





[9]  After a defendant enters a guilty plea, the trial
becomes a unitary proceeding, and the issues of guilt and punishment cannot be
separated.  State v. Kersh, 2 S.W.3d 636, 638 (Tex. App.CHouston [14th Dist.] 1999), aff=d, 127
S.W.3d 775 (Tex. Crim. App. 2004).  Thus, when a trial court defers a finding
of guilt after the entry of a guilty plea, it also defers a finding of true
after the entry of a plea of true to the enhancement allegations.  See
Washington v. State, 893 S.W.2d 107, 109 (Tex. App.CDallas 1995, no pet.) (holding trial court did not err
in refusing to allow defendant to withdraw his plea of true after the case had
been taken under advisement).





[10]  Although appellant mentions various inconsistencies
between the boilerplate admonishments form and the realities of his situation,
such as his wavier of indictment after an indictment had been filed, he does
not argue the trial court misled him by incorrectly admonishing him.  He argues
only that his attorney misled him, and that the trial court should have
withdrawn his plea because of this.