Henry Bruce **HAMMONDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46566.

·Court of Criminal Appeals of Texas.

Nov. 7, 1973.

David F. Farris (court appointed on appeal) Fort Worth, for appellant.

Tim Curry, Dist. Atty., Michael R. Thomas and Ronald C. H. Eddins, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft. Following conviction by a jury, the court assessed punishment at eight years.

Appellant challenges the sufficiency of the evidence.

Rex Galloway testified that on May 20, 1971, he was working at the Oak Grove Seven-Eleven Store in Fort Worth, and had the care, custody and control of the

money in the store. He testified that between six and six-fifty on that date, appellant and another man entered the store. The other man went to the cash register to make a small purchase, and after Galloway opened the cash register drawer, appellant created a distraction at the other end of the counter with some change, which diverted Galloway's attention from the cash register. After assisting appellant with his change, Galloway turned and saw appellant's companion leaving, and then appellant left. Curtis Taylor was brought into the courtroom for viewing by Galloway and was identified as appellant's companion. After Taylor and appellant left the store, Galloway checked the money in the register and discovered that eighty dollars in tens and twenties were missing from the side of the drawer closest to where Taylor hed been standing. Galloway also testified that he did not give anyone permission or consent to remove the bills from the cash register. On cross-examination he stated that appellant did not take the money.

Carroll Freeland testified that on May 20, 1971, he was working at the Seven-Eleven Store at 5608 McCart, in Fort Worth, between seven and seven-fifteen when the appellant and Taylor came into the store. Appellant handed Freeland nine ones and asked for a ten, then handed him the ten and a one, and asked for a twenty. Freeland gave him the ten for the ten ones and asked him to leave. He observed appellant and Taylor leave in a blue Corvair.

Everett Rector testified that he was working at the Seven-Eleven Store on Old Granbury in Fort Worth on May 20, 1971, at about two-thirty or three when appellant and Taylor drove up in a blue Corvair and entered the store. Taylor purchased hotdogs, potato chips and a lemon. He first gave Rector a five, then after Rector turned to give him his change, said he wanted to pay with change rather than the bill and pulled a handful of change from his pocket. Then Taylor counted out his change twice and Rector counted it twice, after which they left the store.

Officer Black of the City of Fort Worth testified that he saw appellant and Taylor with a blue Corvair at the Seven-Eleven Store at Westcrest and 820 on May 20, 1971, around four-thirty, and later that day, a little after seven, he arrested them near the McCart Seven-Eleven, after stopping them in their blue Corvair.

Galloway, upon being recalled, testified that when he opened the register the money was still in the drawer, but after they had left he found it missing.

The jury was instructed on the law of circumstantial evidence, and on the law of principals.

■ The evidence shows that immediately prior to Taylor's purchase, the money was in the cash register, and immediately following appellant's distracting actions and his departure with Taylor, the money was missing from the register. It also shows Taylor was the only person other than the complaining witness who was in a position to take the money. The evidence of the extraneous transactions, as will be discussed below regarding their admissibility, was sufficient to show appellant acted as a principal, under the instructions. We conclude the evidence is sufficient to sustain the conviction.

■ Appellant's second ground of error contends the state failed to prove lack of consent to take the money in question. Galloway testified that he gave no one consent to take the money.

Appellant next contends the trial court erred in overruling his objections to evidence of extraneous transactions, to-wit, at the McCart and Old Granbury Seven-Eleven Stores.

In Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364, 367, this court stated:

"The general rule which prohibits evidence of extraneous offenses has certain well recognized exceptions. . . . Under such exceptions to the rule evi-

dence of similar transactions becomes admissible even though it does not show the commission of other offenses. Stanford v. State, 103 TexCr.R. 182, 280 S. W. 798 and Rose v. State, 148 Tex.Cr.R. 82, 184 S.W.2d 617."

See also Fair v. State, Tex.Cr.App., 465 S.W.2d 753, 755.

In the instant case, the complaining witness testified on cross-examination that appellant did not take the money. It is clear from the testimony, and later from the charge, that the state wa proceeding on the theory that appellant and Taylor were principals in a scheme whereby one distracted the cashier while the other slipped money from the open register. The existence or absence of appellant's common purpose with Taylor, which is to say the intent or purpose of his distracting activity, was certainly an issue in the circumstantial evidence case.

■■ In O'Brien v. State, Tex.Cr.App., 376 S.W.2d 833, this court said:

"Commission of other crimes or transactions may be shown only when the intent accompanying the act is *equivocal,* or where intent otherwise becomes an issue in the trial."

Certainly appellant's distracting actions were equivocal, bearing no unlawful intent in themselves. Again, in Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, 102, this court stated:

"Since appellant did not affirmatively contest any issue to which evidence of a

collateral crime would be relevant, we must determine whether such evidence was necessary to prove an essential element of the state's case."

The state's case, as previously stated, was based upon the theory that appellant and Taylor were operating as a team whereby one would distract the cashier and the other take the money. Intent was essential upon this theory, and the appellant's actions ambiguous. By showing that within the space of a few hours on the same afternoon this same pair entered two other Seven-Eleven Stores and engaged in distracting money-fumbling activities, the state was attempting to demonstrate the common scheme of appellant's operation and the unlawful intent shared with his co-principal.[1] We therefore find the evidence of extraneous transactions was properly admitted.[2]

Appellant's final contention is that the trial court erred in overruling his objection to being compelled to appear in jail clothing and his motion for continuance based thereon. Appellant appeared in jail clothing during the selection of the jury. The jail clothes had no lettering or identification, but merely the appearance of ordinary coveralls. Cf. Ephraim v. State, 471 S.W.2d 798. Immediately following objection, during the recess between jury selection and commencement of the trial, the court took steps to secure civilian clothing, and following the recess appellant appeared in civilian clothes secured by the bailiff. The appellant thereupon stated he was satisfied with the clothing and the court denied the motion for continuance.

---

1. Compare Jones v. State, Tex.Cr.App., 376 S.W.2d 842, where the extraneous transactions of a pickpocket were admitted to show the common scheme and intent of defendant in making physical contact with the complaining witness. We distinguish Shaw v. State, Tex.Cr.App., 479 S.W.2d 918. In that case this court held intent was not in issue. At Shaw's trial the complaining witness testified that Shaw attempted to block her view of the cash register as she observed his companions take her purse from its place beside the cash register. Thus, neither alternative

of the two part test of O'Brien, supra, was satisfied.

2. We also observe that testimony by Rector that thirty dollars present before the transaction with appellant and Taylor were discovered missing following their departure was excluded by the trial court. Such testimony could have been admitted without error, although it was not essential to permit the admission of that portion of the transaction which was admitted. See Cage, supra.

Inasmuch as the jail clothing was not recognizable as such, and in view of the trial court's prompt action to secure civilian clothing for appellant, we perceive no prejudice to appellant's presumption of innocence. We therefore overrule appellant's fourth and fifth grounds of error.

The judgment is affirmed.

ROBERTS, J., concurs in the result.