O. B. PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59678.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 21, 1979.

Rehearing Denied Sept. 24, 1980.

Robert P. Lupton, Terrence A. Gaiser, on appeal only, Houston, for appellant.

O. B. Phillips, pro se.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Robert A. Shults, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft over $10,000.00. After finding appellant guilty, the jury assessed punishment at ten years.

Appellant was charged with engaging in an elaborate check kiting scheme. The scheme involved 20 checks drawn on eight different accounts in four separate banks in Houston. Appellant was convicted of theft with regard to his actions in depriving Continental Bank in Houston of $43,650.00.

In his first ground of error, appellant contends that the evidence was insufficient to prove that he intended to deprive Continental Bank of more than $10,000.00. He maintains that his testimony established that he did not expect the bank to honor any of the checks he wrote.

Martin Moses, Assistant Vice–President of Continental Bank, testified that on June 12, 1974, appellant made a deposit at Continental Bank of $43,500.00 with a check drawn on First City National Bank of Houston. This check was subsequently returned due to insufficient funds in appellant's account at First City National.

The following day, appellant made another deposit at Continental Bank consisting of a check in the amount of $43,450.00 drawn on Capital National Bank in Houston. When appellant made this deposit, he requested that his account be immediately credited with the amount of the deposit. After Moses learned that Capital National Bank would not honor the check, he informed appellant that he would not give him immediate credit on his account.

Joe Nieto, Customer Services Officer for First City National Bank, testified that on June 12, 1974, appellant made a deposit at First City of $50,150.00. Of this deposit, $43,650.00 was made up of a check drawn on one of appellant's accounts at Continental Bank.

Moses testified that when the check for $43,650.00 was presented to Continental Bank for payment, it was erroneously paid as against insufficient and uncollected funds.

On direct examination, appellant testified as follows:

"Q. Let me back up just a second. Now, at the beginning, before these checks started to go around, did you have any money to cover the checks?

"A. No.

"Q. So what you were doing, you were writing checks from one bank to another and they were approximately some forty thousand dollars, right?

"A. Exactly.

"Q. And each check was from you to you?

"A. Yes.

"Q. And did you figure that they would bounce?

"A. I figured that they would bounce, because taking into consideration

my knowledge of the banking system, would be no way in the world that any one of these particular banks would pay against that particular check, because each bank knew that I was signed on each individual account, so it was made payable from me to me. It would have simply came back as uncollected funds, drawn against uncollected funds or nonsufficient funds, which would have been back here."

We find that the evidence consisting of appellant's admission that he knew the check would not be honored as well as his actions in drawing against his insufficient account at Continental Bank was sufficient to support the jury's finding that he intended to deprive Continental Bank of more than $10,000.00. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the evidence is insufficient to show that he exercised control over the property. He maintains that absent proof that he had actual possession of the funds from Continental Bank, there was no proof of control.

Nieto stated that after the $43,650.00 check drawn on Continental Bank was credited to appellant's account at First City, the majority of the money was used to pay personal loans which appellant had with First City.

In the instant case, the evidence shows that appellant had physical possession of the $43,650.00 check drawn on Continental Bank. As a result of appellant's actions, these funds were transferred from Continental Bank to First City and then made available for appellant's use. Therefore, the evidence shows the removal of the funds from their customary location at Continental Bank and reduction of the funds to appellant's control. We find this evidence sufficient to show that appellant controlled the property. See, *Baker v. State*, 511 S.W.2d 272 (Tex.Cr.App.). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the evidence is insufficient to show that the property was taken without the effective consent of Continental Bank. He maintains that his actions with regard to the bank were absurd, and that the bank was at fault in not initiating an investigation of these events.

Martin Moses, Assistant Vice–President of Continental Bank, testified as follows with regard to the lack of consent:

"Q. Did Continental Bank at that time or has Continental Bank ever given anybody permission or allowed anybody to write checks for forty–three thousand dollars or for any amount, for that matter, when there wasn't money in the account to pay for that check?

"A. Not intentionally, no.

"Q. Therefore, when Mr. Phillips wrote these checks that were paid and the amounts were paid based on nonsufficient balance in the checking account, he did that without permission of the Continental Bank; is that correct?

"A. That is true and correct."

We find that Moses' testimony was sufficient to show lack of consent on the part of Continental Bank. See, *Hammonds v. State*, 500 S.W.2d 831 (Tex.Cr.App.); *Thomas v. State*, 468 S.W.2d 418 (Tex.Cr.App.). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant maintains that the court's charge to the jury was fundamentally defective. He contends that the charge failed to require the jury to find that appellant exercised control over the property without the effective consent of the owner.

The portion of the charge which applied the law to the facts was as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the Continental Bank of Texas was the owner of the property, to–wit, money, and that the defendant, O. B. Phillips, did in Harris County, Texas, on or about June

11, 1974, unlawfully exercise control over said property, with intent to deprive said Continental Bank of Texas of said property *without the effective consent of said Continental Bank* and that said property was then and there of the value of more than $10,000.00, you will find the defendant guilty of second degree felony theft. If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty." (Emphasis added.)

Clearly, the record does not support this contention. Appellant's fourth ground of error is without merit.

In his fifth ground of error, appellant contends that the trial court erred in failing to submit his specially requested charge on circumstantial evidence. He maintains that there was no evidence of his intent to commit the offense of theft.

As noted in the first ground of error, appellant testified that he knew that the check drawn on Continental Bank would not be honored.

He stated that his purpose in writing the various checks was to establish a form of creditor–debtor relationship between him and his companies. He related that by creating such a situation, he would be in a more viable position to attract fresh investment capital for his companies.

When the defendant admits committing the act charged and intent is the only question in issue, no charge on circumstantial evidence is required. *Stearn v. State*, 571 S.W.2d 177 (Tex.Cr.App.); *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr.App.). We conclude that in light of appellant's admission to writing the check, the trial court did not err in refusing to submit his requested charge on circumstantial evidence. No error is shown.

Appellant raises four additional grounds of error in a supplemental brief which was not filed in the trial court as required by Art. 40.09, Sec. 9, V.A.C.C.P. These grounds of error are not properly before the Court for review. See, *Henriksen v. State*, 500 S.W.2d 491. However, we will review one of these grounds in the interest of justice. Art. 40.09, Sec. 13, V.A. C.C.P.

Appellant contends that the trial court erred in allowing him to engage in a form of hybrid representation of partially pro se and partially by counsel. He maintains that the court should have admonished him as to the advantages and disadvantages of his motion to cross–examine the State's witnesses prior to the motion being granted.

The record reflects that after appellant's counsel cross–examined the first witness, appellant requested that he be allowed to personally cross–examine the remaining witnesses. The court granted appellant's request. The court ordered that if appellant cross–examined a witness, his attorney would not be allowed to cross–examine the same witness. Appellant was not prohibited from conferring with his attorney with regard to any matter at any point during the trial. Appellant's counsel continued to make objections throughout the trial. Counsel made the majority of the closing argument at the guilt or innocence phase and all of the argument at the punishment phase of the trial.

This Court has held that there is no constitutional right to hybrid representation of partially pro se and partially by counsel. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr. App.). Furthermore, when a defendant is represented by counsel, he does not have the right to propound his own questions to witnesses and make jury argument in his own behalf. *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.).

Appellant cites several cases in which this Court has considered the issue of what admonishments should be given to a defendant when he waives counsel and proceeds entirely pro se.

In *Jordan v. State*, 571 S.W.2d 883, we noted:

". . . However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45

L.Ed.2d 562 (1975); *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977); *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977). To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State,* supra; *Thomas v. State,* supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State,* supra; *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California,* supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self–representation so that it is clear that he 'knows what he is doing and his choice is made with eyes open.' 422 U.S. at 835, 95 S.Ct. at 2541."

■ These admonishments are to be given to a pro se defendant to insure that he is informed of the dangers involved when he waives counsel. Although appellant partially represented himself in this case, he was also fully represented by counsel. Thus, no question of waiver of counsel is involved. Absent such issue arising, we cannot conclude that the trial court erred in failing to admonish appellant as to the dangers, if any, of this form of hybrid representation.

■ Any limitation on the number of persons permitted to cross–examine a witness was within the sound discretion of the trial court. We find no abuse of discretion in the court permitting one person to cross–examine each witness. This contention is overruled.

We have examined the contentions advanced in appellant's pro se brief and find them to be without merit.

The judgment is affirmed.