**Robert Douglas RAINWATER, Appellant,**

v.

**STATE of Texas, State.**

**No. 2-81-146-CR.**

Court of Appeals of Texas, Fort Worth.

May 19, 1982.

Jan Eric Barto, Granbury, for appellant.

Randolph C. Chandler, Dist. Atty. and Bailey F. Rankin, Asst. Dist. Atty., Stephenville, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

Appeal is taken from conviction for the felony offense of driving while intoxicated. V.T.C.A. Penal Code, sec. 12.04.

The punishment assessed by the jury is imprisonment for five years.

We affirm.

Appellant complains (1) he did not make a valid waiver of his right to assistance of counsel; and (2) that the court erred by not allowing appellant to call any witnesses or present evidence concerning his motion to quash the indictment.

Appellant has filed a *pro se* brief in addition to the brief filed by his counsel.

■ There is no right to hybrid representation on appeal, and the *pro se* brief therefore presents nothing for review. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

The Supreme Court of the United States in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that an accused may waive his right to assistance of counsel and assert the option of representing himself at trial.

■ The accused, however, in order to accomplish this must make a knowing, intelligent and voluntary waiver of his right to assistance of counsel after being informed of the dangers and disadvantages of self-representation. *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr.App.1980); *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979).

In *Geeslin*, however, the defendants represented themselves with no counsel to assist them.

The instant case more closely parallels *Phillips v. State*, 604 S.W.2d 904 (Tex.Cr.App.1979), in which the defendant was allowed to engage in a form of hybrid representation at trial; that is, partially *pro se* and partially by counsel.

In the case at bar, an attorney was appointed at the arraignment to assist the appellant to the extent that appellant would permit.

The record reflects that appointed counsel was present throughout the trial and gave appellant advice when requested. Appellant's counsel also conducted the *voir dire* examination of the jury panel.

*Maddox v. State*, 613 S.W.2d 275 (Tex.Cr.App.1980), was similar to the instant case, because it also involved hybrid representation at trial. There Maddox complained that the trial court failed to properly admonish him as to the dangers of self-representation. The opinion, at page 286, contains the following quote from *Phillips, supra*;

"These admonishments are to be given a *pro se* defendant to insure that he is informed of the dangers involved when he *waives* counsel. Although appellant partially represented himself in this case, he was also fully represented by counsel. Thus no *question of waiver of counsel is involved*. Absent such an issue arising, we cannot conclude that the trial court [erred] in failing to admonish appellant as to the dangers, if any, of this form of hybrid representation." (Emphasis added).

■ In the instant case the judge asked appellant numerous questions pertinent to a determination of his ability to intelligently conduct his own defense. The court informed appellant of the penalty for the offense and inquired into appellant's education, experience and age, repeatedly making him aware of the dangers of self-representation.

Appellant did not waive his court-appointed attorney, but alluded to him as "my associate counsel" at the start of the trial. Instead of being waived, counsel was merely relegated to an accessory role in the defense. Such an exercise is governed by *Phillips* and *Maddox, supra*.

Appellant's first ground of error is overruled.

The second ground complains that during the hearing on his *pro se* motion to quash the indictment, the appellant was not allowed to call witnesses or present evidence.

Grounds on which an indictment may be set aside are set forth in V.A.C.C.P. art. 27.03. None of those grounds are alleged in the motion which is a narrative of events surrounding appellant's arrest for the offense charged and also sets forth various defensive matters.

■ Appellant made no objection to the court's ruling and presents no bill of exceptions, so nothing is preserved for review. V.A.C.C.P. art. 40.09; *Davison v. State*, 510 S.W.2d 316 (Tex.Cr.App.1974).

Appellant's second ground of error is overruled.

Judgment is affirmed.