

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00066-CR

---

AARON RENE GLASSPOOLE                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 53,017-B

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Aaron Rene Glasspoole represented himself at trial with the assistance of standby counsel and was convicted by a jury of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). The jury assessed his punishment at life imprisonment, and the trial court sentenced him

---

[1]*See* Tex. R. App. P. 47.4.

accordingly.[2]  In his sole issue, Glasspoole argues that he did not knowingly, intelligently, and voluntarily waive his right to assistance of counsel.  We will affirm.

## II. BACKGROUND

Glasspoole was charged with aggravated robbery after a convenience store clerk identified him as the individual who entered the store, displayed and cocked a gun, and stole two tubes from the store's safe that each contained $50 in small bills.  On the Wednesday before his trial was to begin the next Monday, Glasspoole filed a motion for a *Faretta*[3] hearing in which he asserted his right to represent himself at trial.  On the Friday before his trial, the trial court held a *Faretta* hearing.

During that hearing, Glasspoole told the trial court that he wanted to represent himself at trial.  The trial court then inquired into Glasspoole's background, eliciting that Glasspoole was thirty-seven years old, had obtained his GED, and had represented himself twice previously.  The trial court told Glasspoole that it thought he was making a mistake in attempting to represent himself and that he would receive no special consideration simply because he was untrained in the law.  The trial court warned Glasspoole that his lack of knowledge of evidentiary rules could be detrimental to his case and that he would

[2]Glasspoole's punishment range was enhanced because he had two prior felony convictions.  *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2015).

[3]*See Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975).

2

not be able to claim ineffective assistance of counsel if he represented himself. The trial court then stated that it would allow Glasspoole to represent himself, but the trial court also appointed the assistant public defender—who was representing Glasspoole during the *Faretta* hearing—as standby counsel.

On the day of his trial, just before the prospective jury members were brought in for voir dire, Glasspoole again told the trial court that he wished to represent himself at trial. Glasspoole was allowed to represent himself, although his standby counsel was present during all three days of his trial. Glasspoole conferred with his standby counsel on several occasions during voir dire, and his standby counsel and the standby counsel's assistant answered several questions posed by the trial court during both the guilt/innocence phase and punishment phase of trial regarding Glasspoole's attempt to secure the attendance of witnesses. Ultimately, the jury convicted Glasspoole of aggravated robbery and assessed his punishment at life imprisonment.

### III. WAIVER OF RIGHT TO COUNSEL

### A. The Law

The United States Constitution gives criminal defendants the right to assistance of counsel in all criminal prosecutions in which the defendant may be punished by imprisonment. U.S. Const. amends. VI, XIV; *see also* Tex. Code Crim. Proc. Ann. art. 1.051 (West Supp. 2015). In lieu of being represented by counsel, however, a criminal defendant also has a Sixth Amendment right to self-representation. *Faretta*, 422 U.S. at 819–20, 95 S. Ct. at 2533. Before the trial

3

court may allow a defendant to represent himself, the defendant must knowingly, intelligently, and voluntarily waive his constitutional right to assistance of counsel. *Id.* at 835, 95 S. Ct. at 2541; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). In order for a waiver to be effective, the trial court must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 242 (1942)). The defendant should be made aware that there are technical rules of evidence and procedure and that he will not be granted any special consideration solely because he asserted his pro se rights. *Williams*, 252 S.W.3d at 356. The trial court, however, is not required to follow formulaic questioning or a particular script in assuring that a defendant who has asserted his right to self-representation does so with eyes open. *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991); *Fletcher v. State*, 474 S.W.3d 389, 396 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Courts draw a distinction between defendants who solely represent themselves at trial and those who have the assistance of counsel. "The term 'standby counsel' usually describes situations when, in response to a defendant's request for self-representation, the trial court instead allows the defendant's attorney to remain as counsel and be available to advise the defendant and participate in the case, or not, as requested by the defendant." *Dolph v. State*,

440 S.W.3d 898, 907 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Walker v. State*, 962 S.W.2d 124, 126 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)). "In such a case, if the defendant thereafter invokes the participation of standby counsel, the representation becomes hybrid, which has been described as 'partially pro se and partially by counsel.'" *Dolph*, 440 S.W.3d at 907 (citing *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977)).

Texas courts have held that *Faretta* admonishments are not required for defendants engaged in hybrid representation. *See, e.g.*, *Alexander v. State*, No. 02-15-00033-CR, 2016 WL 2586602, at *3 (Tex. App.—Fort Worth May 5, 2016, pet. filed) (mem. op., not designated for publication); *Dolph*, 440 S.W.3d at 907; *Walker*, 962 S.W.2d at 126. Some courts, including this one, go even further, holding that *Faretta* admonishments are not required for defendants with standby counsel. *See, e.g.*, *Bradford v. State*, No. 05-14-01610-CR, 2016 WL 326631, at *2 (Tex. App.—Dallas Jan. 27, 2016, pet. ref'd) (mem. op., not designated for publication); *Anderson v. State*, No. 2-02-00060-CR, 2003 WL 21101519, at *2 (Tex. App.—Fort Worth May 15, 2003, pet. ref'd) (not designated for publication); *Walker*, 962 S.W.2d at 127; *Robertson v. State*, 934 S.W.2d 861, 866 (Tex. App.—Houston [14th Dist.] 1996, no pet.). *But see Grant v. State*, 255 S.W.3d 642, 647 (Tex. App.—Beaumont 2007, no pet.) ("[I]n our view *Faretta* admonishments should be given regardless of the appointment of standby counsel.").

5

The rationale for not requiring *Faretta* admonishments when a defendant has hybrid representation or standby counsel is that "since counsel remains to assist the accused [there is] no need to admonish the accused of the dangers and disadvantages of self-representation." *Robinson v. State*, No. 05-04-00235-CR, 2005 WL 1670626, at *2 (Tex. App.—Dallas July 19, 2005, no pet.) (not designated for publication). Indeed, Texas courts have repeatedly held that "no question of waiver of counsel is involved" in cases of hybrid representation or cases when a defendant has access to standby counsel. *See, e.g.*, *Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. 1980) (op. on reh'g) (holding no question of waiver when defendant engaged in hybrid representation); *Phillips v. State*, 604 S.W.2d 904, 908 (Tex. Crim. App. 1979) (same); *Dolph*, 440 S.W.3d at 907 (same); *Jones v. State*, No. 14-04-00950-CR, 2005 WL 2787306, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, no pet.) (mem. op., not designated for publication) (holding no question of waiver when standby counsel is appointed); *Robinson*, 2005 WL 1670626, at *2 (same); *Rainwater v. State*, 634 S.W.2d 67, 68 (Tex. App.—Fort Worth 1982, no pet.) (holding no question of waiver when counsel relegated to an accessory role).

## B. Application of the Law to the Facts

Glasspoole argues that his waiver of his right to assistance of counsel was not knowingly, intelligently, and voluntarily made, pointing to the fact that he answered many of the trial court's questions at the *Faretta* hearing with non sequiturs, that the trial court had to ask him multiple times whether he wished to

represent himself at trial before he responded, and that he performed poorly at trial.[4]  But the record indicates that Glasspoole had standby counsel during his entire trial.  The record also indicates that Glasspoole conferred with his standby counsel during trial, and that his standby counsel answered several questions posed by the trial court regarding his attempt to secure the attendance of witnesses.  Because Glasspoole had standby counsel during his trial—counsel that participated, although to a limited degree, in the trial—"no question of waiver of counsel is involved."  *Maddox*, 613 S.W.2d at 286; *Phillips*, 604 S.W.2d at 908; *Dolph*, 440 S.W.3d at 907; *Jones*, 2005 WL 2787306, at *1; *Robinson*, 2005 WL 1670626, at *2; *Rainwater*, 634 S.W.2d at 68.  We thus overrule Glasspoole's sole issue.

## IV.  CONCLUSION

Having overruled Glasspoole's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[4]Among Glasspoole's deficiencies at trial, he avers that he "failed to conduct any meaningful voir dire," "lacked an understanding of evidentiary matters," "was unable to call witnesses . . . because he had failed to issue subpoenas," "failed to cross examine most of the State's witnesses," and "failed to make any meaningful or even coherent arguments."

7

DELIVERED:  July 28, 2016