# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00203-CR

**Ronnie Hue Montgomery, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-13-202988, HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ronnie Hue Montgomery, who represented himself at trial with the assistance of standby counsel, was convicted by a jury of evading arrest with the use of a vehicle, a third degree felony. *See* Tex. Penal Code § 38.04(b)(2)(a). The jury assessed his punishment at confinement for five years but recommended community supervision. The trial court sentenced him accordingly. In his sole appellate issue, appellant contends that he is entitled to a new trial because there is no hearing evidence that he received proper *Faretta* warnings prior to his waiver of the right to counsel or that his waiver was knowingly and intelligently asserted.[1] *See Faretta v. California*, 422 U.S. 806, 835–36 (1975). For the following reasons, we affirm.[2]

---

[1] Appellant is represented on appeal by appointed counsel.

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

**BACKGROUND**

Appellant was arrested on May 31, 2013, for the offense of evading arrest with a vehicle and subsequently indicted in June 2013. During the pendency of the case, the trial court found appellant to be indigent and appointed multiple attorneys to represent him both before and after appellant signed and filed a written waiver of his right to counsel on January 26, 2015.[3] Appellant's counsel filed various pleadings with the trial court prior to trial, including defendant's motion in limine, motion for discovery and inspection of evidence, motion for a list of the State's witnesses and information, request for notice of extraneous offenses, motion for disclosure of favorable evidence, motion to suppress illegally seized evidence and statements, election as to punishment, and application for community supervision.

Jury selection occurred on the afternoon of March 2, 2015, and in the morning of that day, the trial court held a hearing on appellant's decision to represent himself. By that point, the trial court had appointed standby counsel for appellant. The trial court observed that "we have gone over extensively with you the risks and dangers of representing yourself" and then confirmed with appellant that he still wanted to represent himself. The trial court also explained to appellant that his standby counsel "can jump in if at any time you decide you want representation" but warned the appellant, including that:

---

[3] Appellant also retained counsel during the pendency of the case, but his retained counsel filed a motion to withdraw in November 2014, representing that appellant no longer desired for his retained counsel to represent him and that appellant wished to represent himself. On November 11, 2014, the trial court signed an order granting the motion to withdraw.

- "I have warned you against [self-representation], because I think it is a better course to have somebody represent you."

- "I just have to let you know that during jury selection and everything, I cannot change the rules for you. You will be held to the same rules of evidence and same rules of law."

- "I can't give you any assistance, and I can't help you out in any way; however, you can consult with [standby counsel]. But in terms of questioning witnesses and cross-examining witnesses and conducting voir dire examination, there can't be no hybrid [sic], like, there can't be a joint effort between you and [standby counsel]. So if you are representing yourself, you are representing yourself."

- "You can consult with [standby counsel], but you are representing yourself, and only one person can be the one questioning the witnesses and to stand up and conduct the voir dire examination and select a jury."

The trial court asked appellant if he understood each of the trial court's warnings, and appellant answered that he did. The trial court then asked appellant if he still wanted to represent himself, and appellant responded, "Yes."

Immediately before jury selection began, the following additional exchange occurred between the trial court and appellant about appellant's decision to represent himself:

[Trial Court]:      So I think we're ready. But I'll just have to remind you—because I'm just going to—just briefly mention to the jury—because this is a little unusual—that you'll be representing yourself. But like I told you before on the record, that if at any time you want [standby counsel] to represent you, he can take over representation. But he can't—but while you're representing yourself, you know, I can't give you any advice. You can consult with him, but you're going to be the one conducting the examination. So this is the last time—and I'm encouraging you again because you have one of our most skilled trial lawyers sitting next to

3

you. And it would be my advice for the final time to allow him to represent you.

[Appellant]: No. I want to represent myself.

[Trial Court]: You want to represent yourself. Okay. That's fine.

[Standby Counsel]: And, Judge, just for the record, I assume that you would not allow hybrid representation where I do part of it, then he does part of it.

[Trial Court]: No.

[Standby Counsel]: If I do—I'm sorry. I apologize.

[Trial Court]: Yeah. Go ahead. No. I was going to say there won't be any hybrid representation. And so that's the key here. There won't be any hybrid—so he can't do a little and then you get up and do a little. If you represent yourself, you represent yourself. You can consult with him. But, you know, he'll be the one—I mean, you'll be the one that's addressing the jury. You'll be the one that's questioning the witnesses. You'll be the one giving opening statement, closing argument, making objections. And you're going to be held to the same standard of the law like anybody else, like he would be if he was conducting this trial, like the State's going to be as they conduct this trial. And so even though you may not be as skilled—and you're not as skilled in the rules of evidence as these lawyers that are standing next to you. You're going to be held to the same standard. Do you understand that?

[Appellant]: Yes.

[Trial Court]: And that is why I'm so strenuously really trying to get you to consider representing—not representing yourself but allowing [standby counsel] to represent you because the Court, in its considered judgment, would think that would be in your best interest. But—

[Appellant]: No. I'm representing myself.

[Trial Court]: Okay. Fine.

4

Although appellant represented himself during the jury trial, standby counsel was present and actively participated in certain portions of the trial, and appellant consulted with standby counsel throughout the trial. Standby counsel made arguments and objections during bench conferences, including as to the jury charge, and questioned appellant when appellant called himself as a witness during the guilt/innocence and punishment phases of the trial. Ultimately, the jury found appellant guilty and assessed his punishment at confinement of five years but recommended community supervision. The trial court assessed punishment in accordance with the jury's verdict, suspending imposition of sentence and placing appellant on community supervision for five years. This appeal followed.

**ANALYSIS**

In his sole issue, appellant contends that he is entitled to a new trial because there is no record that he received proper *Faretta* warnings prior to his waiver of the right to counsel or that his waiver was knowingly and intelligently asserted. Appellant focuses on the lack of a hearing in which the trial court provided warnings of the dangers of self-representation prior to appellant's written waiver of the right to counsel that was filed in January 2015 and that the warnings that are in the record took place after appellant signed the written waiver. Appellant, who was a high school graduate and twenty-four years old at the time of trial, also argues that "there is no affirmative showing in the record below that [he] was 'literate, competent, and understanding, and that he was voluntarily exercising his informed free will.'"

The Sixth and Fourteenth Amendments to the United States Constitution give criminal defendants in state courts a constitutional right to counsel and the corresponding right to

self-representation. *Faretta*, 422 U.S. at 807, 819–20; *see also* Tex. Code Crim. Proc. art. 1.05(f) ("A defendant may voluntarily and intelligently waive in writing the right to counsel."). "However, 'the right to self-representation does not attach until it has been clearly and unequivocally asserted.'" *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 825)). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). "Prior to any act of self-representation by the defendant, the record should reflect that the admonishments were given to the defendant." *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). Further, in assessing whether a defendant's waiver of counsel was knowingly and intelligently made, we "consider the totality of the circumstances," "'the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The trial court, however, need not follow a "formulaic questioning" or a particular "script" to evaluate a defendant's waiver of counsel. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

Based on our review of the record, we conclude that appellant was warned of the dangers and disadvantages of self-representation prior to any act of self-representation and that appellant's choice to represent himself "was made with [his] eyes open.'" *See Faretta*, 422 U.S. at

6

835; *Goffney*, 843 S.W.2d at 585. Although there is no record of a separate hearing in which the trial court warned appellant about the dangers of self-representation prior to the date that appellant signed and filed the written waiver of his right to counsel, the trial court appointed another counsel for appellant a few days after appellant's written waiver was filed with the trial court. The trial court also admonished appellant of the dangers and disadvantages of self-representation during the hearing that occurred in the morning before jury selection and confirmed with appellant that he understood the dangers and disadvantages but that he had decided to represent himself. The trial court further admonished appellant about the dangers and disadvantages of self-representation immediately before jury selection began later that day, and appellant again confirmed his understanding and decision to represent himself after being warned by the trial court against doing so.

Based on our review of the record, we also conclude that appellant's decision to waive his right to counsel was knowingly and intelligently made. *See Williams*, 252 S.W.3d at 356. The record reflects that the trial court effectively communicated with appellant both before and during trial, including actively questioning him about his understanding and decision to represent himself, and that appellant acted orderly, appropriately, and respectfully during the trial, including when he communicated with the trial court, participated in jury selection, cross-examined the State's witnesses, and delivered opening and closing arguments. *See Saunders v. State*, No. 03-15-00273-CR, 2016 Tex. App. LEXIS 7239, at *8 (Tex. App.—Austin July 8, 2016, no pet.) (mem. op., not designated for publication) (observing that "legal competence is not required to represent oneself at trial" and that "the only material issue is whether [the defendant] was competent

7

to make the decision to represent himself" (citing *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989)).

We further observe that standby counsel was available and utilized by appellant prior to and during trial.[4] The trial court appointed counsel both before and after appellant filed the written waiver of his right to counsel, and standby counsel consulted with appellant throughout the trial and actively participated in portions of the trial, including questioning appellant while appellant was on the witness stand and urging objections and arguments during bench conferences. *See Myles v. State*, No. 01-14-00581-CR, 2015 Tex. App. LEXIS 6313, at *5–6 (Tex. App.—Houston [1st Dist.] June 23, 2015, no pet.) (mem. op., not designated for publication) (rejecting claim on

---

[4] When standby counsel is appointed, some Texas courts have held that *Faretta* admonishments are not required based on the rationale that "since counsel remains to assist the accused [there is] no need to admonish the accused of the dangers or disadvantages of self-representation." *Robinson v. State*, No. 05-04-00235-CR, 2005 WL 1670626, at *2 (Tex. App.—Dallas July 19, 2005, no pet.) (not designated for publication); *see, e.g.*, *Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. 1981) (op. on reh'g) (holding that no question of waiver of counsel was involved when defendant engaged in hybrid representation); *Phillips v. State*, 604 S.W.2d 904, 908 (Tex. Crim. App. 1979) (same); *see also Dolph* v. State, 440 S.W.3d 898, 907–08 (Tex. App.—Texarkana 2013, pet. ref'd) (describing and discussing standby counsel and hybrid representation in context of *Faretta* admonishments and waiver of counsel); *Glasspoole v. State*, No. 02-16-00066-CR, 2016 Tex. App. LEXIS 8086, at *6 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication) (concluding that "'no question of waiver of counsel [was] involved'" because standby counsel "participated, although to a limited degree, in the trial" (citation omitted)); *Bradford v. State*, No. 05-14-01610-CR, 2016 Tex. App. LEXIS 817, at *7 (Tex. App.—Dallas Jan. 27, 2016, pet. ref'd) (mem. op., not designated for publication) ("Where, as here, defendant has standby counsel at his disposal, a trial court is not required to admonish a defendant on the dangers and disadvantages of self-representation."); *Jones v. State*, No. 14-04-00950-CR, 2005 Tex. App. LEXIS 8844, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, no pet.) (mem. op., not designated for publication) ("A judge need not admonish an accused of the dangers and disadvantages of self-representation when he allows the accused to present his own defense but, at the same time, appoints standby counsel to advise the accused as necessary.").

appeal that waiver of counsel was invalid because record revealed that trial court admonished appellant under *Faretta* and also appointed standby counsel).

On this record, we conclude that the trial court properly admonished appellant under *Faretta* about the dangers and disadvantages of self-representation and that appellant's decision to waive counsel was knowingly and intelligently made. *See Faretta*, 422 U.S. at 835; *Williams*, 252 S.W.3d at 356. Thus, we overrule his sole appellate issue.

## CONCLUSION

Having overruled appellant's issue, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: December 7, 2016

Do Not Publish

9