

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00102-CR

BENNY PALOMO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F0099-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Appellant, Benny Palomo, was convicted by a jury of assault on a public servant, and after pleading true to two enhancements, he was found to be a habitual felony offender and was sentenced to life imprisonment.[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.). In his sole issue on appeal, Palomo argues that the trial court violated his Sixth Amendment right to counsel when the trial court permitted him to represent himself at trial. *See Faretta v. California*, 422 U.S. 806, 807, 829–30 (1975). Because we find that Palomo competently, knowingly and voluntarily, and intelligently waived his right to counsel and invoked his right to self-representation, we overrule this point of error and affirm the trial court's judgment, as modified.

## I. Factual and Procedural Background

The State's indictment alleged that, on or about October 26, 2021, Palomo

> intentionally, knowingly, or recklessly cause[d] bodily injury to MICHAEL GRIFFIN by striking MICHAEL GRIFFIN about the head with the hand of [Palomo] and [Palomo] did then and there know that the said MICHAEL GRIFFIN was then and there a public servant, to-wit: employee of the Texas Department of Criminal Justice, and that the said MICHAEL GRIFFIN was then and there lawfully discharging an official duty, to-wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

The indictment included two enhancement paragraphs, alleging that Palomo was a habitual felony offender. The trial court twice appointed counsel for Palomo. Palomo was dissatisfied

---

[1]The jury sentenced Palomo to life imprisonment, which the trial court orally pronounced. The judgment, however, reflects a ninety-nine-year sentence. "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (orig. proceeding). "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). An appellate court has the authority to modify a judgment "to make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2(b). Accordingly, we modify the trial court's judgment to reflect a sentence of life imprisonment.

with appointed counsel both times and sought to represent himself at trial. During the final pretrial hearing, the trial court conducted an inquiry to determine whether Palomo understood his right to counsel. The trial court further inquired whether Palomo understood the charges against him, the punishment range for those charges, and whether Palomo knew the intricacies of representing himself at trial. After a discussion with Palomo, the trial court indicated that it did not find Palomo competent to represent himself but stated, "[H]e ha[s] an absolute right to represent himself if he so chooses." The trial court expressed concern that Palomo "ha[d] no concept of courtroom proceedings" but indicated that Palomo continued to express his desire to represent himself, and so the trial court allowed it. Palomo's appointed counsel was appointed as "standby" counsel.

Palomo was allowed to represent himself, and the case proceeded to trial by jury. At the conclusion of the trial, the jury found Palomo guilty, he pled true to the enhancement paragraphs, and the trial court sentenced him to life imprisonment. Palomo filed this appeal, arguing that the trial court erred in allowing him to represent himself.

## II. Palomo's Waiver of Counsel Was Competent, Intelligent and Knowing, and Voluntary

"[E]very criminal defendant has a constitutional right to the assistance of counsel and the constitutional right to self-representation." *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022) (citing U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Faretta*, 422 U.S. at 835). A defendant's constitutional right to self-representation, however, is not absolute. *Indiana v. Edwards*, 554 U.S. 164, 178 (2008). To be constitutionally effective, a decision to waive the right to counsel "must be made (1) competently, (2) knowingly and intelligently, and

3

(3) voluntarily." *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). We review de novo the issue of whether Palomo validly waived his constitutional right to counsel. *See United States v. Garcia-Hernandez*, 74 F.App'x 412, 415 (5th Cir. 2003) (per curiam) (reviewing de novo defendant's claim that waiver of Sixth Amendment right to counsel was not valid because trial court "failed to admonish him about the 'dangers and disadvantages of self-representation'"); *see also Freeman v. State*, 970 S.W.2d 55, 57 (Tex. App.—Tyler 1998, no pet.).

### A.    Competent

Palomo does not challenge that his waiver was made knowingly and intelligently or whether it was made voluntarily. Instead, his argument solely focuses on whether his decision was made competently. Although "there *is* a 'heightened' standard . . . for waiving the right to counsel," that being, the waiver must be knowing and intelligent, there "is not a heightened standard of *competence*." *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993). "The competence that is required of a defendant seeking to waive his right to assistance of counsel is the competence to waive the right, not the competence to represent himself." *Fletcher v. State*, 474 S.W.3d 389, 395 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Palomo asserts that the trial court found him to be incompetent after questioning him at the pretrial hearing using *Faretta* as a guideline. Specifically, the trial court stated,

> All right. Based on Mr. Palomo's representations it's almost impossible for the Court to find that he is competent to represent himself. He's not. Based on the answers that he's provided to all of the Faretta questions, he's not. But does he have an absolute right to represent himself if he so chooses, sure. Will I let him? Sure. . . . [A]t this time, even though the defendant has no concept of courtroom proceedings, the rules of evidence, Texas Code of Criminal Procedure, any

4

appellate procedure, has no education with regards to representation of himself in the courtroom but and why those questions are set forth that's just to prove that they - - they don't understand what's happening. And Mr. Palomo continues to express his want and desire to represent himself, so I'll let him.

The trial court's statement is clear that it did not believe that Palomo was competent "to represent himself," not that the trial court found him to be incompetent. *See Godinez*, 509 U.S. at 399–400 (discussing competence required to exercise rights under *Faretta*). Throughout the course of the pretrial hearing, Palomo asserted that he had a plan for his own representation and felt that his counsel was not meeting his needs. Palomo remained steadfast in his request to represent himself, even after the trial court admonished him regarding what self-representation would entail.

The question of whether the defendant "is competent to represent himself is immaterial; the appropriate question is whether he is competent to choose the endeavor." *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). There was no indication that Palomo was uncertain about his decision to represent himself. He maintained his desire at each stage of questioning and was competently able to lay out his plan for his approach to the trial. Palomo did not waiver in his decision to represent himself, even after acknowledging that he did not have the legal understanding of how to present his own defense. Palomo asserted, "I just feel it could be best in my interest."

Furthermore, we note that the trial court appointed standby counsel to assist Palomo, if needed, in the course of his trial. When standby counsel is appointed, some Texas courts have held that *Faretta* admonishments are not required based on the rationale that, since counsel remains to assist the accused, there is no need to admonish the accused of the dangers or

5

disadvantages of self-representation. *See, e.g.*, *Maddox v. State*, 613 S.W.2d 275, 286 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g) (holding that no question of waiver of counsel was involved when defendant engaged in hybrid representation); *Phillips v. State*, 604 S.W.2d 904, 908 (Tex. Crim. App. [Panel Op.] 1979) (same); *see also Dolph v. State*, 440 S.W.3d 898, 907– 08 (Tex. App.—Texarkana 2013, pet. ref'd) (describing and discussing standby counsel and hybrid representation in context of *Faretta* admonishments and waiver of counsel).

The trial court was able to observe Palomo during the pretrial hearings, engage him in a dialogue regarding the proceedings, and observe his consistent, unequivocal insistence on self-representation. On this record, we cannot conclude that the trial court erred in finding Palomo's waiver of counsel to be competent, knowing and voluntary, and intelligent. Accordingly, we overrule this point of error.

## III.   Conclusion

We modify the trial court's judgment to reflect a sentence of life imprisonment, and we affirm that judgment, as modified.

Scott E. Stevens
Chief Justice

Date Submitted:     January 8, 2025
Date Decided:       February 3, 2025

Do Not Publish

6